UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 24-105 |
| v. | * | SECTION: "D"(1) |
| SEAN D. ALFORTISH, *et al.* | * | |

\* \* \*

**MEMORANDUM IN SUPPORT OF THE GOVERNMENT'S MOTION TO CONTINUE THE PRE-TRIAL CONFERENCE AND TRIAL**

**NOW COMES** the United States of America, through its undersigned attorneys, who respectfully moves this Honorable Court to continue the pre-trial conference and trial in this matter. The pretrial conference is presently scheduled for February 28, 2025, and trial is set for March 17, 2025. This is the second request for a continuance filed in this case after the return of the first superseding indictment charging the following defendants: Sean D. Alfortish, Vanessa Motta, Motta Law, LLC, Jason F. Giles, The King Firm, LLC, Leon M. Parker, Diaminike F. Stalbert, Carl G. Morgan, and Timara N. Lawrence. Motta, Motta Law, Giles, and The King Firm oppose this motion.[1] Otherwise, there is no objection to this motion.

I.

On May 3, 2024, a federal grand jury returned an indictment charging Ryan J. Harris and Jovanna R. Gardner with the following five counts: conspiracy to commit mail and wire fraud, conspiracy to commit witness tampering through murder, witness tampering through murder, conspiracy to retaliate against a witness through murder, and retaliation against a witness through murder. Rec. Doc. 1. The homicide allegations concerned the murder of Cornelius Garrison, a

---

[1] District courts may overrule defendants' objections to continuance motions. *See United States v. Perry*, 35 F.4th 293, 350-52 (5th Cir. 2022) (affirming Judge Zainey's order granting opposed motion for a continuance in case involving 39ers violent drug gang).

cooperating government witness. Rec. Doc. 1. Harris and Gardner were both ordered detained pending trial. Rec. Doc. 25 (Gardner); Rec. Doc. 34 (Harris). Gardner subsequently pleaded guilty to a superseding bill of information. Rec. Doc. 46.

On December 6, 2024, the grand jury returned a superseding indictment charging Harris with the homicide of Garrison. Rec. Doc. 78. The superseding indictment also charged Alfortish, Motta, Motta Law, Giles, The King Firm, Parker, Stalbert, Morgan, and Lawrence. Rec. Doc. 78. All defendants were charged with fraud related to the scheme to stage accidents with 18-wheelers and other vehicles. Rec. Doc. 78. Alfortish, Motta, Motta Law, and The King Firm were also charged with obstruction of justice and witness tampering. Rec. Doc. 78. Additionally, Stalbert was charged with one count of false statements to federal agents. Rec. Doc. 78.

Alfortish and Parker were arrested on warrants and made their initial appearances on December 9, 2024, Rec. Doc. 94 (Parker), and December 11, 2024. Rec. Doc. 105 (Alfortish). They were both ordered detained pending trial. Rec. Doc. 118 (Parker); Rec. Doc. 177 (Alfortish). Their trial dates were set for January 27, 2025. Rec. Doc. 109 (Parker); Rec. Doc. 115 (Alfortish). The government filed an unopposed motion to continue, Rec. Doc. 129, which the Court granted and set the trial date for Alfortish, Parker, and Harris on March 17, 2025. Rec. Doc. 162.

On January 6, 2025, Motta, Motta Law, Giles, The King Firm, Stalbert, Morgan, and Lawrence made their initial appearances and were released on bond. *See* Rec. Docs. 132-174. Their trial date was likewise set on March 17, 2025. Rec. Doc. 163.

On January 16, 2025, Harris pleaded guilty to a superseding bill of information. Rec. Doc. 182. Harris pleaded guilty to conspiracy to commit mail and wire fraud, wire fraud, and causing death through the use of a firearm. Rec. Doc. 180. Harris's factual basis implicates

Alfortish, Motta, Motta Law, Giles, The King Firm, Parker, Morgan, and Lawrence in the fraud, and it implicates Alfortish and Parker in the murder of cooperating witness Cornelius Garrison. Rec. Doc. 184.

II.

The Speedy Trial Act provides that the trial of any defendant charged with an offense "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1).

Further, the Speedy Trial Act states that any period of delay resulting from a continuance granted by a judge at the request of the defendant or his counsel, or at the request of the attorney for the government, shall be excluded in computing the time within which the trial of any such offense must begin if the judge granted the continuance on the basis of findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). Title 18, United States Code, Section 3161(h)(7)(B) sets out a list of factors which the court shall consider in determining whether to grant the continuance based on the ends of justice. One factor, Title 18, United States Code, Section 3161(h)(7)(B)(i), is whether the failure to grant a request for continuance would result in a miscarriage of justice. Additionally, under Title 18, United States Code, Section 3161(h)(7)(B)(iv), this Court should grant a continuance in order to permit the defense and the government "reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

III.

The instant case concerns financial fraud as well as allegations related to the murder of a federal witness. Discovery involves voluminous records, particularly various bank account documents, insurance claims, and other financial records. To facilitate discovery, the Court has issued a protective order at the parties' request. Rec. Doc. 38. Since the last continuance, the government has made additional discovery productions. The government anticipates further discovery to be made in this matter prior to trial.[2] Therefore, additional time is needed for the government to produce further discovery and for the defense to review all discovery and investigate any possible defenses.

Moreover, the government submits that additional time is necessary to seek any potential resolutions of this matter prior to trial as well as to resolve anticipated pretrial motions, including motions to sever[3] and motions concerning the admission of evidence under the forfeiture by

---

[2] On February 19, 2025, the government received a voluminous production of materials from Motta Law. Due to its size, there have been the usual and expected difficulties in transferring the entire production to the government, and both Motta Law and the government have been working together to complete the transfer. As the Court is aware, Motta Law's production of these materials has been substantially delayed, and it has been the subject of various motions and Court orders.

[3] The government will respond to any severance arguments as they are raised. For the time being, the government notes the Fifth Circuit's presumption favoring joinder when defendants are charged as part of the same conspiracy, *United States v. Lindell*, 881 F.2d 1313, 1318 (5th Cir. 1989), as well as the Fifth Circuit's observation that its caselaw "does not reflect a liberal attitude toward severance." *United States v. McRae*, 702 F.3d 806, 822 (5th Cir. 2012); *see also United States v. Chapman*, 851 F.3d 363, 379 (5th Cir. 2017) ("Merely alleging a 'spillover effect'—whereby the jury imputes the defendant's guilt based on evidence presented against his co-defendants—is an insufficient predicate for a motion to sever.") (quotation marks omitted). Additionally, the government notes that, before he was murdered, Garrison made statements to law enforcement implicating both Giles/The King Firm and Alfortish/Motta/Motta Law in the staged collision scheme, *see* Rec. Doc. 98 (government's filing concerning Alfortish and Parker's detention, with Garrison's statements to law enforcement attached), and that Harris's factual basis similarly implicates defendants involved in multiple of the charged offenses, including the staged-collision scheme and Garrison's murder. *See* Rec. Doc. 184.

4

wrongdoing exception to the hearsay rule.[4] Failure to grant a continuance could result in a miscarriage of justice and lead to allegations of ineffective assistance of counsel in post-conviction proceedings.

IV.

Based on the above-stated facts, the government submits that the best interests of justice would be served by the continuance of this trial and that the interests so served would outweigh the interests of the defendants and the public in a speedy trial. The government submits that a continuance of the trial date until at least September 2025 would be appropriate. The government submits that this continuance provides a reasonable amount of time for the parties to review discovery, file pretrial motions (including severance and forfeiture by wrongdoing motions by Motta/Motta Law and Giles/The King Firm), and prepare for what will likely be a two-to-three-week trial. The government suggests that, should the Court grant this motion, the parties be ordered to confer to select a trial date and other deadlines.

---

[4] As previewed by Motta's counsel, whether Garrison's statements to law enforcement are admissible and against whom they will be admitted will be contested issues in this case. *See United States v. Hankton*, 51 F.4th 578, 598-600 (5th Cir. 2022) (discussing the forfeiture by wrongdoing exception); *United States v. Age*, No. 16-32, 2022 WL 991759, at *2-3 (E.D. La. Apr. 1, 2022) (Ashe, J.) (same). As in *Hankton* and *Age*, this Court will potentially need to review pretrial briefing and hold an evidentiary hearing to determine whether the government has met its "burden of showing by a preponderance of the evidence that the opposing party wrongfully and intentionally made the witness [Garrison] unavailable." *See Hankton*, 51 F.4th at 598-99. Assuming the defendants, including Motta, will not stipulate to the admission of Garrison's statements, it is neither reasonable nor in the public's interest to rush consideration of this important issue before the current March 17, 2025, trial date.

V.

**WHEREFORE**, the United States of America respectfully requests that the pre-trial conference and trial in the above-captioned matter each be continued until at least September 2025.

Respectfully submitted,

MICHAEL M. SIMPSON
ACTING UNITED STATES ATTORNEY


/s/ *Matthew R. Payne*
MATTHEW R. PAYNE
BRIAN M. KLEBBA
MARY KATHERINE KAUFMAN
Assistant United States Attorneys
J. RYAN McLAREN
Trial Attorney


## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Matthew R. Payne*
MATTHEW R. PAYNE
Assistant United States Attorney