## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 24-105** |
| **RYAN J. HARRIS, ET AL.** | **SECTION: D (1)** |

### ORDER and REASONS

Before the Court is the Government's Motion to Continue the Pre-Trial Conference and Trial.[1]  The Government seeks a continuance of the February 28, 2025 Pretrial Conference and the March 17, 2025 jury trial dates.  Defendants, Jason F. Giles and the King Firm, LLC, oppose the Motion, asserting that they are ready for trial and do not waive their right to a speedy trial under 18 U.S.C. § 3161.[2]  Defendant, Vanessa Motta, also opposes the Motion, asserting that the Government's three reasons for seeking a continuance – voluminous discovery, potential resolution, and pretrial motion practice – lack merit.[3]  No other defendant has filed any opposition to the Motion.

### I.    PROCEDURAL HISTORY

At the outset, the Court notes the complexity of this case.  Two defendants were originally indicted, both of whom have now pled guilty to crimes including conspiracy to commit witness tampering, conspiracy to commit mail and wire fraud, wire fraud, and causing death by use of a firearm.[4]  A First Superseding Indictment

---

[1] R. Doc. 202.
[2] R. Doc. 204.
[3] R. Doc. 207.
[4] *See* R. Docs. 45, 46, 180, & 182.

1

was returned on December 6, 2024, charging nine additional defendants in various counts, alleging conspiracy to commit mail and wire fraud, including through murder, witness tampering, and obstruction of justice.[5]  Trial is scheduled for March 17, 2025.

On February 28, 2025, the Court held a telephone status conference with the parties in this matter.[6]  During that conference, the Court discussed the status of the case, including information provided by the Government that it would be seeking a continuance of the trial in this matter.[7]  The Government confirmed that it would be seeking a continuance for reasons stated during the conference.  It was also discussed that this matter may involve a novel question of law–whether the deceased witness' statements to law enforcement are admissible at trial against any of the defendants.[8]

Counsel for the Government then asked counsel for each of the defendants whether they would oppose any such motion for a continuance.  Counsel for defendants, Carl G. Morgan, Leon M. Parker, Diaminike F. Stalbert, and Timara N. Lawrence, advised that they had no opposition to the Government moving for a continuance, as they required additional time to review the approximately half million documents produced thus far in discovery and to further investigate the matter.  Counsel for Giles and the King Firm, LLC, while indicating that his clients would be opposing any continuance of the trial in this matter, further advised that he intended to file pretrial motions, including a motion to sever.[9]  Counsel for Motta

---

[5] R. Doc. 78.
[6] R. Doc. 205.
[7] The Government's Motion to Continue had not yet been filed at the time of the conference.
[8] *See* R. Doc. 202-1 at p. 5, n.4.
[9] The Court notes that as of the date of this Order, no such motion has been filed and thus is not before the Court.

and Motta Law, LLC likewise indicated that he would be filing a motion to sever.[10] Counsel for Sean D. Alfortish also indicated that he would be filing pretrial motions in this matter.   Counsel for defendant, Parker, pointed out that, in light of the Government's statements, this case has the potential to become a capital case, thus requiring a capital case budget, defense team, and pre-authorization mitigation investigation.

As a result of this discussion, the Court issued an Order giving the Government until March 3, 2025 to file any motion to continue the trial date, giving the defendants until March 6, 2025 to file any opposition brief to any motion to continue, and setting any such motion for submission on March 6, 2025.[11]  The Government timely-filed the instant Motion to Continue on March 3, 2025, asserting that additional time is needed because this case involves voluminous discovery, the Government needs additional time to produce further discovery, the defense needs additional time to review all discovery and investigate any possible defenses, the Government needs additional time to seek any potential resolutions of this matter prior to trial, and the Government needs additional time to resolve anticipated pretrial motions, including motions to sever and motions concerning the admission of evidence under the forfeiture by wrongdoing exception to the hearsay rule.[12]

Defendants, Giles and the King Firm, LLC, oppose the Motion, asserting that they maintain their constitutional rights under the Speedy Trial Act and are ready

---

[10] The Court notes that as of the date of this Order, no such motion has been filed and thus is not before the Court.
[11] R. Doc. 205.
[12] R. Doc. 202.

for trial on March 17, 2025.[13]  Giles and The King Firm also assert that, while the discovery is voluminous, much of it does not pertain to them.  Giles and The King Firm, LLC assert that the Government could have indicted them in an indictment separate from the others, and further claim that they intend to file a motion to sever so that they can be tried separately.[14]  As such, Giles and the King Law Firm, LLC ask the Court to either deny the Motion or grant a short continuance of no more than 30-40 days.

Motta also opposes the Motion to Continue.[15]  Motta acknowledges the voluminous discovery, including the obstacles that she has faced in timely producing her own discovery materials.[16]  Motta also acknowledges that defendants will be filing motions to sever and motions to determine the admissibility of a deceased witness' statements at trial.[17]  As the Court previously noted, those motions are not before the Court at this time.

## II.    LAW AND ANALYSIS

The Speedy Trial Act provides that, "the trial of any defendant charged in an . . . indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."[18]  The Speedy Trial Act further

---

[13] R. Doc. 202.
[14] *Id*. at p. 2.  Again, no such motion has been filed yet.
[15] R. Doc. 207.
[16] *Id*. at p. 2.
[17] *Id*. at p. 3.
[18] 18 U.S.C. § 3161(c)(1).

provides that, "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government" shall be excluded in computing the time within which the trial of any such offense must begin if the judge granted the continuance after finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.[19]  In determining whether to grant a continuance based on the ends of justice, a court must consider the list of factors set forth in § 3161(h)(7)(B).[20]  One factor is whether the failure to grant such a continuance would result in a miscarriage of justice.[21]  Another factor is whether the case "is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section."[22]  Yet another factor is whether the failure to grant such a continuance in a case would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.[23]

The Court specifically finds, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), as stated above, that this case is complex due to the fact that there are 11 defendants, two of which have pled guilty, and there are allegations of witness tampering, obstruction

---

[19] 18 U.S.C. § 3161(h)(7)(A).
[20] *See* 18 U.S.C. § 3161(h)(7)(B).
[21] 18 U.S.C. §3161(h)(7)(B)(i).
[22] 18 U.S.C. §3161(h)(7)(B)(ii).
[23] 18 U.S.C. § 3161(h)(7)(B)(iv).

of justice, mail and wire fraud, and causing death of a witness by use of a firearm. It also appears that this case will present novel questions of law, including whether and how any statements made by the deceased witness may be used in the prosecution of any defendant. Finally, while several of the defendants have indicated that they will be seeking a severance of their cases, they have not yet had the opportunity to file any such motion or to have it ruled on by the Court. In light of the voluminous discovery that the parties indicate has recently been produced, as well as the reasons set forth in the Government's Motion, the Court finds that it would be unreasonable to expect adequate preparation for pretrial proceedings, or for the trial itself, within the time limits established by the Speedy Trial Act. As noted by all counsel, the defendants awaiting trial have not had the opportunity to file any pretrial motions contemplated by them.

The Court fully recognizes the defendants' right to a speedy trial, as well as the burdens placed on defendants under indictment. By way of example, Motta contends that she is unable to practice law and provide for her special needs child. Fully cognizant of those rights, the Court specifically finds, pursuant to 18 U.S.C. § 3161(h)(7)(A), that the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendants in a speedy trial.

The Court further specifically finds, pursuant to 18 U.S.C. § 3161(h)(7)(B)(i) that failure to grant the Government's requested continuance could result in a miscarriage of justice. As such, the Court finds that the period of this continuance is excludable time under the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*

Accordingly,

**IT IS HEREBY ORDERED** that the Government's Motion to Continue the Pre-Trial Conference and Trial[24] is **GRANTED.** The jury trial scheduled for March 17, 2025 is **RESET** for **Monday, September 8, 2025 at 9:00 a.m.,** and the Pretrial Conference that was scheduled for February 28, 2025 is **RESET** for **Monday, August, 11, 2025 at 1:00 p.m.**

**IT IS FURTHER ORDERED** that counsel shall confer with each other and file a Proposed Joint Scheduling Order, setting forth reasonable pretrial deadlines for discovery, affirmative defenses, disclosure of expert witnesses, filing of witness and exhibit lists, filing of substantive motions and motions in limine, deadlines for disclosure of Jencks Act material and any other deadlines appropriate in this matter.

**IT IS FURTHER ORDERED** that the Proposed Joint Scheduling Order shall be filed into the record by **Monday, March 31, 2025.**[25] Counsel shall also send a Word version of the Proposed Joint Scheduling Order to the Court's email address, efile-Vitter@laed.uscourts.gov.

New Orleans, Louisiana, March 7, 2025.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[24] R. Doc. 202.
[25] To be clear, the parties should continue to engage in exchanging discovery even absent the Court's receipt of the Proposed Joint Scheduling Order and issuance of the Court's Final Scheduling Order.