UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 24-105** |
| v. | * | |
| | | **SECTION: "D"** |
| **SEAN D. ALFORTISH,** *et al.* | * | |
| * * * | | |

## SCHEDULING ORDER

**IT IS ORDERED** that the following guidelines and deadlines are **SET**.[1] The scheduling order assumes a trial date of September 8, 2025. Should the trial date change, the dates and deadlines reflected in this order will automatically adjust to incorporate the change in trial date (*i.e.*, the number of days prior to trial for each deadline will remain the same):

## DISCOVERY

Informal letter discovery/reciprocal discovery will be conducted in accordance with Rule 16 of the Federal Rules of Criminal Procedure and Local Criminal Rule 12 and will be completed by June 2, 2025.[2] Any motions to compel discovery must be filed no later than

---

[1] Counsel for Sean D. Alfortish, Leon M. Parker, Timara N. Lawrence, and Diaminike F. Stalbert object to the dates in this scheduling order. Alfortish and Parker's counsel have stated that, due to the charges anticipated against their respective clients, a September 8, 2025, trial date is not realistic. Counsel for Lawrence and Stalbert have stated that they will defer to Parker's position due to their clients' relatively lesser participation. Counsel for Carl G. Morgan does not have an objection to the proposed dates. The position of other defendants are noted with regards to specific deadlines.

[2] Counsel for defendants Jason F. Giles and The King Firm, LLC do not oppose this proposed date for the reciprocal discovery deadline. On March 20, 2025, the government conferred with counsel for defendants Vanessa Motta and Motta Law, LLC, who opposed this date. Motta and Motta Law's counsel stated that, because the government has been investigating this case for years, the discovery deadline should be earlier. The government responded that it is attempting to produce discovery in a prompt yet organized manner that will not overwhelm the defendants, including by eliminating duplicate documents, and doing so involves natural time delays. Even so, the government anticipates that it will be finished producing the overwhelming majority of the discovery before the proposed June 2, 2025, deadline. Motta and Motta Law's counsel recommended a reciprocal discovery deadline of May 5, 2025. The government opposed this proposal because setting the deadline on that date would likely result in a less organized document dump.

April 14, 2025.³ Any opposition must be filed by May 2, 2025.⁴ Should the parties feel oral argument is necessary, they are instructed to contact the Magistrate Judge to select an available date for hearing.

The government and the defendants recognize that the parties will continue to investigate this matter beyond the June 2, 2025, discovery deadline, and all parties agree to turn over any additional discovery materials in a timely fashion.

## **BRADY MATERIAL**

The government is aware of its continuing obligation to produce exculpatory and other impeachment material under *Brady v. Maryland* and its progeny and will discharge this obligation. The government will provide any materials that are discoverable under *Brady*, to the extent they exist, during the Rule 16 discovery phase of this proceeding set forth above. However, materials or information which might constitute evidence discoverable under *Brady* and producible under the Jencks Act and Federal Rule of Criminal Procedure 26.2, will be produced with the Jencks materials on August 18, 2025.⁵

---

³ Motta and Motta Law's counsel oppose setting the motion to compel deadline *before* the discovery deadline. Motta and Motta Law's counsel suggests setting all deadlines that depend on reviewing and analyzing the discovery in this case 3-4 weeks after the discovery deadline. As a result, Motta and Motta Law's counsel suggests June 16 or June 23 as the motion to compel deadline.

⁴ Motta and Motta Law's counsel opposes these dates and suggests a motion to compel deadline of May 26, 2025, which is three weeks after counsel's proposed May 5, 2025, deadline for reciprocal discovery. Counsel for Giles and The King Firm likewise opposes these dates and suggests a motion to compel deadline of June 15, 2025, and an opposition deadline of June 29, 2025, which are after the government's proposed June 2, 2025, deadline for reciprocal discovery. These dates are similar to those in the scheduling order for the First NBC Bank case before Judge Milazzo (before it was transferred to Judge Fallon). *See United States v. Ryan*, E.D. La. No. 20-65, Doc. 49. They will allow the defendants to move for compelled production and for the Court to rule on any motions without then having to push back the deadline for reciprocal discovery in the event the government is compelled to make additional productions. As noted above, the government has been attempting to produce discovery in a prompt yet organized manner, and it has offered to assist the defendants with any specific requests for particular documents within the discovery.

⁵ Counsel for Motta, Motta Law, Giles, and The King Firm oppose and argue that *Brady*

## JENCKS ACT MATERIALS

Materials to which the defendant and the government are entitled under Federal Rule of Criminal Procedure 26.2, the Jencks Act (18 U.S.C. § 3500) will be provided voluntarily to the opposing parties by Monday, August 18, 2025, at 5:00 p.m. The parties may agree to provide materials at an earlier date to facilitate the expeditious presentation of evidence.[6]

## PRE-TRIAL MOTIONS

The government will file its motion concerning the forfeiture by wrongdoing exception to the hearsay rule by March 31, 2025. Any opposition must be filed by April 14, 2025. The Court will hear any such motions on **Tuesday, May 6, 2025, at 1:30 p.m.**[7]

Any motions to sever must be filed by May 5, 2025. Any opposition must be filed by May 19, 2025. The Court will hear any such motions on **Tuesday, May 27, 2025, at 1:30 p.m.**[8]

---

materials, to the extent they exist, should be produced in advance of the deadline for Jencks Act materials. The Jencks Act states that, "[a]fter a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter to which the witness has testified." 18 U.S.C. § 3500(b). The standard practice in the Eastern District of Louisiana is to produce Jencks materials in advance of the statutory deadline on the Friday before trial. Here, the government has recommended production of Jencks materials three weeks before trial, well in advance of the statutory and standard local deadlines. Production of Jencks materials by this date will also comply with *Brady* according to well-established Fifth Circuit precedent. *See United States v. Hankton*, E.D. La. No. 12-01, 2016 WL 10951283, at *1 (E.D. La. June 17, 2016) (Feldman, J.) ("[W]hen alleged *Brady* material is contained in Jencks Act material, disclosure is generally timely if the government complies with the Jencks Act.") (citing *United States v. Anderson*, 574 F.2d 1347, 1352 (5th Cir. 1978)). In addition to being correct under applicable Jencks and *Brady* standards, the government believes the August 18, 2025, production date is also prudent considering the witness tampering and witness safety concerns present in this case.

[6] Counsel for Motta and Motta Law opposes and requests a Jencks deadline of twelve weeks before trial. Counsel for Giles and The King Firm likewise opposes and requests a Jencks deadline of July 15, 2025. As explained above, this Jencks deadline is well in advance of the statutory and standard local deadlines. It is also prudent considering the witness tampering and witness safety concerns in this case.

[7] Counsel for Motta, Motta Law, Giles, and The King Firm do not oppose these dates for motions related to the forfeiture by wrongdoing exception to the hearsay rule.

[8] Counsel for Motta and Motta Law opposes and suggests setting the deadline to file motions for severance fourteen days after the Court rules on motions related to forfeiture by wrongdoing. Counsel for

Any motions to dismiss must be filed by June 2, 2025. Any opposition must be filed by June 16, 2025. The Court will hear any such motions on **Tuesday, June 24, 2025, at 1:30 p.m.**[9]

All other pre-trial evidentiary motions, including but not limited to motions for a bill of particulars, motions to suppress, and motions to strike, shall be filed by June 16, 2025. All oppositions shall be filed by June 30, 2025. The Court will hear any such motions on **Tuesday, July 8, 2025, at 1:30 p.m.**[10]

### MOTIONS *IN LIMINE*

All motions *in limine* shall be filed no later than June 20, 2025, with all oppositions due by July 11, 2025. The Court will hear any such motions on **Tuesday, July 22, 2025, at 1:30 p.m.**[11]

---

Giles and The King Firm also oppose and suggest setting the deadlines for motions related to severance to the same dates as those for forfeiture by wrongdoing. As the government stated during the telephone status conference with the Court on Wednesday, March 19, 2025, the government believes it prudent to resolve any issues related to forfeiture by wrongdoing before addressing severance because the issue of whether Cornelius Garrison's statements are admissible and against whom will likely be relevant to the defendants' severance claims. The government has kept the May 2, 2025, deadline to file severance motions (as opposed to a date fourteen days after the Court rules on forfeiture by wrongdoing) under the assumption that, after any evidentiary hearing related to forfeiture by wrongdoing, it will likely be clear which way the Court intends to rule. If that is not the case, the parties may request to continue the deadlines related to severance.

[9] Counsel for Giles and The King Firm does not oppose these dates for motions to dismiss. Counsel for Motta and Motta Law opposes and suggests a date three-to-four weeks after the reciprocal discovery deadline. The government has maintained these dates because any claims that the indictment should be dismissed will likely be based on legal arguments (as opposed to factual or evidentiary arguments). Thus, any information Motta and Motta Law requires to file a motion to dismiss should be available to them without waiting for the reciprocal discovery deadline.

[10] Counsel for Giles and The King Firm does not oppose these dates for pre-trial evidentiary motions. Counsel for Motta and Motta Law opposes and suggests a date three-to-four weeks after the reciprocal discovery deadline. The government's proposed deadline for reciprocal discovery is June 2, 2025, meaning that, under the government's proposed schedule, the defendants will have two weeks from receiving the last of the reciprocal discovery to file any pre-trial evidentiary motions.

[11] Counsel for Motta, Motta Law, Giles, and The King Firm do not oppose these dates for motions *in limine*.

### NOTICE OF THE UNITED STATES' INTENT TO ADMIT EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS IN ACCORDANCE WITH RULE 404(b) OF THE FEDERAL RULES OF EVIDENCE

The government will file any notice of its intent to utilize evidence of other crimes, wrongs or acts no later than July 14, 2025. Responses to the notice shall be due on August 1, 2025. The Court will hear the arguments on the notice on **Tuesday, August 12, at 1:30 p.m.**[12]

### EXPERT WITNESSES

In accordance with the provisions of Rule 16(a)(1)(G) and Rule 16(b)(1)(C), all parties shall designate the type of experts it intends to utilize at trial and satisfy the requirements of Rule 16(a)(1)(G) and Rule 16(b)(1)(C) by June 16, 2025. Any party intending to use an expert at trial must provide a "summary of [the] expert witness's opinions, the bases and reasons for those opinions, and the witness's qualifications" in accordance with Rule 16 by June 16, 2025. *See* Fed. R. Crim. P. 16(a)(1)(G) and 16(b)(1)(C). Responses to the notice shall be due on July 14, 2025. The Court will hold any *Daubert* hearing or hearings on these motions on **Tuesday, August 5, 2025, at 1:30 p.m.**[13]

### STIPULATIONS

To facilitate judicial economy, where authenticity and technical predicates are not at issue, the government will submit a proposed stipulation relating to the authenticity of its evidence no later than July 28, 2025. The stipulations will encompass the authenticity of recorded audio/video tapes and business/public records. The defendants will review the proposed stipulations and propose any changes by August 11, 2025, with agreement on the final

---

[12] Counsel for Motta, Motta Law, Giles, and The King Firm do not oppose these dates for motions related to evidence of other crimes, wrongs, or acts.

[13] Counsel for Motta, Motta Law, Giles, and The King Firm do not oppose these dates for motions related to expert witnesses.

stipulations to be completed no later than August 25, 2025. The government will likewise act accordingly with any stipulations proposed by the defense.[14]

## EXHIBIT LISTS[15]

Proposed exhibit lists (United States and defense) will be submitted to each party by July 28, 2025. The parties also desire to present trial exhibits without redaction. However, the parties understand and agree that no trial exhibit can be released to a non-party without satisfying the requirements of Fed. R. Crim. P. 49.1. Charts and summaries used to aid the jury will be disclosed by the parties at trial. Further amendments to the exhibit lists will be disclosed immediately.

## OBJECTIONS - EXHIBITS[16]

Objections to proposed exhibits will be provided to the Court no later than 5:00 p.m.

---

[14] Counsel for Giles and The King Firm does not oppose these dates for stipulations as to authenticity of evidence. Motta and Motta Law oppose and argue that these dates should be set after the production of Jencks materials, including agent reports of witness interviews. It is unclear how the contents of Jencks materials will have any bearing on the authenticity of evidence—that is, whether the evidence is what the government claims it to be. As explained above, the standard local deadline for production of Jencks materials is the Friday before trial, and parties in criminal cases routinely agree to stipulations as to authenticity before Jencks materials are produced.

[15] Counsel for Giles and The King Firm does not oppose this date for submission of exhibit lists. Motta and Motta Law oppose and argue that the date should be set after the production of Jencks materials, including agent reports of witness interviews. Additionally, Giles and The King Firm request that a deadline for the government to submit its witness list also be set for the same July 28, 2025, deadline. As stated above, the standard local deadline for production of Jencks materials is the Friday before trial. The government believes that the July 28, 2025, deadline for submission of exhibit lists and the August 18, 2025, deadline for production of Jencks materials will give the parties sufficient time to prepare for the September 8, 2025, trial. As to Giles and The King Firm's request for a witness list deadline of July 28, 2025, the government will confer with the defendants closer to the trial date to determine a proposed deadline for disclosing witnesses it intends to call (e.g., 24 hours before the witness's testimony). The government believes that the August 18, 2025, deadline for production of Jencks materials—three weeks before trial—will provide the defendants with more than sufficient notice of the government's potential witnesses.

[16] Counsel for Motta, Motta Law, Giles, and The King Firm do not oppose these dates for objections to exhibits.

on August 18, 2025, with responses to the objections due to the Court no later than 5:00 p.m. on August 25, 2025. All exhibits disclosed prior to trial and not objected to prior to trial shall be considered authentic, reliable, and trustworthy for purposes of admissibility. However, the parties do reserve the right to object to the relevancy of any exhibit. The parties also reserve the right to introduce testimony that explains the background or circumstances surrounding any exhibit sought to be introduced at trial.

      New Orleans, Louisiana, this _____ day of _____, 2025.


_____
HONORABLE WENDY B. VITTER
UNITED STATES DISTRICT JUDGE