UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 24-105** |
| **v.** | * | **SECTION: "D"(1)** |
| **RYAN J. HARRIS,** *et al.* | * | |

\* \* \*

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANTS ALFORTISH AND PARKER'S MEMORANDUM REGARDING STATUS CONFERENCE AND REQUEST TO CONTINUE FORFEITURE <u>BY WRONGDOING HEARING WITHOUT DATE</u>**

The United States of America, through the undersigned attorneys, hereby files this memorandum in opposition to defendants Sean D. Alfortish and Leon M. Parker's Memorandum Regarding Status Conference and Request to Continue Forfeiture by Wrongdoing Hearing Without Date. *See* Rec. Doc. 275. Counsel for Alfortish and Parker contacted the government prior to their filing, and the government stated that it would not oppose a brief continuance of two or three weeks. However, an indefinite continuance will unnecessarily delay trial, particularly where this hearing focuses solely on the admissibility of statements by Garrison against Alfortish, Parker, Motta, and Motta Law.

Defendants are correct that this case involves voluminous records, and this evidence should be reviewed prior to trial. The government has already facilitated that review through providing discovery with indices, and by offering to preview evidence with each attorney to highlight important evidence for each defendant. The government will continue to assist defense counsel throughout the discovery process.

However, the subject matter of this hearing is narrowly circumscribed: whether the government can establish by a preponderance of the evidence that Alfortish, Parker, Motta, and

Motta Law participated and/or acquiesced in the plot to make Garrison unavailable to testify. The government submits that the evidence attached to its motion already suffices to establish admissibility. The government included the transcript of S/A Michael Heimbach's testimony at Parker's detention hearing that recounted much of the evidence regarding Parker and Alfortish's participation that had been developed by that time. Parker's counsel was present at the detention hearing, saw the government's presentation of the evidence, and cross-examined S/A Heimbach. After Harris pleaded guilty and implicated Alfortish, Alfortish chose to stipulate to detention at his own detention hearing instead of cross-examining S/A Heimbach.

      Further, it will be helpful to all parties to have a preliminary ruling at this stage regarding the admissibility of Garrison's statements. A ruling will assist the parties in preparing for the September 2025 trial with an understanding of the scope of admissible evidence. Finally, in the unlikely event that Alfortish or Parker discover new evidence before trial that contradicts the sworn admissions of two accomplices and documentary evidence in the government's motion, they can file a motion to reconsider any adverse rulings.

      Alternatively, should the Court deem a continuance appropriate, the government submits that a two to three-week continuance will give counsel adequate time to prepare their filing.

## CONCLUSION

For the foregoing reasons, the government respectfully submits that the Court should deny defendants Alfortish and Parker's continuance of the hearing on the government's motion to admit statements under the forfeiture by wrongdoing exception. Alternatively, the Court should grant a continuance of two to three weeks.

>Respectfully submitted,
>
>MICHAEL M. SIMPSON
>ACTING UNITED STATES ATTORNEY
>
>/s/ *Matthew R. Payne*
>MATTHEW R. PAYNE
>BRIAN M. KLEBBA
>MARY KATHERINE KAUFMAN
>Assistant United States Attorneys
>J. RYAN McLAREN
>Trial Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

>/s/ *Matthew R. Payne*
>MATTHEW R. PAYNE
>Assistant United States Attorney