UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 24-105** |
| v. | * | **SECTION: "D" (1)** |
| **SEAN D. ALFORTISH**<br>**LEON M. PARKER** | * | |
| * | * | * |

### CAPITAL-ELIGIBLE MURDER DEFENDANTS' REPLY TO GOVERNMENT'S OPPOSITION TO STATUS CONFERENCE STATEMENT AND REQUEST TO CONTINUE MOTION HEARING WITHOUT DATE

Defendants Alfortish and Parker respectfully request that the Court carefully consider what the Government is suggesting it do: On one of the most important constitutional issues in this case—whether it would violate the Confrontation Clause to introduce a decedent's statements at trial against certain defendants—the Court should proceed with a fact-based adjudication, including a possible evidentiary hearing, notwithstanding that (1) the Government has not yet completed discovery production (including production of very significant evidence such as phone records and a recording of an attorney-client communication involving Mr. Parker), and (2) even if discovery production were complete, there is no way the Murder Defendants could have even begun to understand what has been produced and all its implications, much less brought to bear the appropriate resources (e.g. experts or data analysis tools) that are necessary to make the discovery information useful during adversarial litigation (e.g. cross-examination of the main case agent at an evidentiary hearing on an important constitutional issue).

Defendants Alfortish and Parker believe the Court will understand how the Government's suggested course violates any reasonable notion of fairness and due process. The Murder Defendants simply cannot effectively defend themselves on the fact-intensive forfeiture issue

without knowing what the evidence is, and they have a right to have that evidence and a reasonable opportunity to understand it before litigating important constitutional and evidentiary issues in a murder prosecution that will determine whether they die in prison either by execution (because they get the death penalty) or in some other way (because they are sentenced to life).

Frankly, it is somewhat confusing that the Murder Defendants are having to argue over such a basic understanding of due process. But perhaps the Government's notion of due process in this case is aptly captured by its citation to Mr. Parker's detention hearing as an example of how the Defendants are being afforded due process. The truth is, Mr. Parker's counsel had been on this case exactly **one week** at the time of the detention hearing. The only discovery that had been provided were the Government's exhibits for the detention hearing, which (shockingly) tended to prove only its version of events. Obviously Mr. Parker's counsel could not effectively challenge the Government's version of events at that hearing. And while that is the way things usually go at detention hearings, it is fundamentally unfair and unlawful to continue to conduct a case in such a way that the defendants are deprived of the opportunity to present an effective defense at every turn.

Two other points about Mr. Parker's detention hearing show the importance of giving Defendants a fair opportunity to understand and evaluate the evidence in this case: Not only did the Government present evidence showing that Harris was the actual shooter in the homicide—which version of events has now changed—but it also presented evidence about a supposed "cover call" where Mr. Parker's phone made a call from his house at the time of the murder. Several months later, the Government sent Defendants a "correction" email stating that it had "misinterpreted" Mr. Parker's phone records, and it now contends there was no "cover call." If even the Government, with all its resources and after over five years of investigation and analysis

of discovery materials, is continuing to change its version of events, including by "correcting" sworn testimony previously made in court, how is it reasonable to expect Defendants to have had enough time to develop their own understanding of the evidence and their defenses, including a defense on the forfeiture issue? Clearly, it is not.

For these reasons, Defendants Alfortish and Parker respectfully submit that the hearing on the forfeiture by wrongdoing motion should be continued without date, to be reset after discovery is complete and the Defendants have been given a reasonable opportunity to develop their defenses.

Respectfully submitted,

/s/ Shaun G. Clarke
Shaun G. Clarke (La. Bar No. 24054)
**MURPHY BALL STRATTON LLP**
650 Poydras Street, Suite 1400
New Orleans, Louisiana 70130
Telephone: (504) 977-1110
sclarke@mbssmartlaw.com


**COUNSEL FOR DEFENDANT,
SEAN D. ALFORTISH**


/s/ Stephen J. Haedicke
(Bar Roll No. 30537)
Law Office of Stephen J. Haedicke, LLC
1040 Saint Ferdinand St.
New Orleans, LA   70117
(504)291-6990 Telephone
(504)291-6998 Fax
Stephen@haedickelaw.com

**COUNSEL FOR DEFENDANT,
LEON M. PARKER**

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing was served electronically on May 9, 2025, upon all attorneys of record via the Court's CM/ECF system.

                /s/ Stephen Haedicke