UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 24-105** |
| **v.** | * | **SECTION: "D"(1)** |
| **RYAN J. HARRIS,** *et al.* | * | |

\* \* \*

**GOVERNMENT'S RESPONSE TO MOTION TO CONTINUE TRIAL
BY SEAN D. ALFORTISH AND LEON M. PARKER**

The United States of America, through the undersigned attorneys, submits this brief in response to the motion to continue trial filed by defendants Sean D. Alfortish and Leon M. Parker (Rec. Doc. 323). This filing specifically addresses arguments raised in an opposition to that motion filed by Vanessa Motta and Motta Law, LLC (Rec. Doc. 325) (referred here collectively as "Motta").

Motta has stated that, despite the large volume of discovery produced by the government thus far, she believes that the "relevant and meaningful evidence in this case . . . is a tiny portion" of the discovery. Rec. Doc. 325, p. 1. Further, she states that "the evidence introduced at this trial will be largely merely witness testimony." Rec. Doc. 325, p. 1. The government disagrees with both of these statements. The trial in this case will certainly involve witness testimony, but also numerous exhibits, to include bank records, court filings, emails, notes, video and audio recordings, and other records. The discovery includes many documents that are relevant and will be used as exhibits.

The government has taken efforts to organize discovery and continues to offer guidance to defense counsel in navigating that discovery. The forthcoming trial, whenever it is held, will most certainly involve many exhibits. The government submits this brief to disabuse Motta of

any notion that the scope of relevant evidence is minuscule so that she will not plead surprise at trial when she receives the government's exhibit list. This trial will likely be document-heavy, and Motta should be prepared for that. Again, the government recommends that defense counsel use a document review platform to perform searches across the discovery batches to locate relevant evidence.

As to Motta's remaining arguments, she asserts that she seeks a speedy trial because the delay has unreasonably burdened her. Almost seven months have elapsed since Motta was indicted, which is not nearly long enough to presume that she has been prejudiced. *See United States v. Hernandez*, 457 F.3d 416, 421 (5th Cir. 2006) (holding fourteen-month delay between indictment and trial was "far too short to weigh in favor of presuming prejudice."); *United States v. Moreno*, Crim. A. No. 15-76, 2017 WL 2256811, at *6 (E.D. La. May 23, 2017) (Feldman, J.) (holding delay of twenty months between indictment and trial was "too short to weigh in favor of presuming prejudice."). Considering the complexity of this case, the government has not objected to the request by Alfortish and Parker for a continuance to ensure all parties are reasonably prepared for trial.

        Respectfully submitted,

        MICHAEL M. SIMPSON
        ACTING UNITED STATES ATTORNEY

        /s/ *Matthew R. Payne*
        MATTHEW R. PAYNE
        BRIAN M. KLEBBA
        MARY KATHERINE KAUFMAN
        Assistant United States Attorneys
        J. RYAN McLAREN
        Trial Attorney

## CERTIFICATE OF SERVICE

      I hereby certify that on June 26, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                      /s/ *Matthew R. Payne*
                                      MATTHEW R. PAYNE
                                      Assistant United States Attorney