MINUTE ENTRY
VITTER, J.
July 10, 2025
JS10, 1:00

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 24-105-ALL |
| RYAN HARRIS, ET AL. | SECTION: D (1) |
| | **This Report and Order applies to all defendants except for Ryan Harris and Jovanna Gardner** |

### TELEPHONE STATUS CONFERENCE REPORT and ORDER

On July 10, 2025, at the Court's request, the Court held a Telephone Status Conference in this matter.

**PRESENT:**

**Jodi Simcox**
Court Reporter

**Matthew R. Payne, Brian M. Klebba, Jeffrey R. McLaren, Mary Katherine Kaufman**
Counsel for the Government

**Shaun G. Clarke**
Counsel for Defendant, Sean D. Alfortish

**Sean M. Toomey**
Counsel for Defendants, Vanessa Motta and Motta Law, LLC

**David I. Courcelle, Scott C. Stansbury**
Counsel for Defendants, Jason F. Giles and The King Firm, LLC

**Stephen J. Haedicke**
Counsel for Defendant, Leon M. Parker

**Hester R. Hilliard**
Counsel for Defendant, Diaminike F. Stalbert

**Michael G. Raspanti**
Counsel for Defendant, Carl G. Morgan

**Rachel M. Yazbeck**
Counsel for Defendant, Timara N. Lawrence

During the conference, the Court first discussed with counsel the Motion to Withdraw as Counsel of Record, filed by David Courcelle, Scott Stansbury, and the Law Office of David I. Courcelle, LLC (R. Doc. 339). In that Motion, Courcelle and Stansbury seek to withdraw as counsel of record for defendants, Jason Giles and The King Firm, LLC, and asked the Court for an "expedited hearing to determine counsel be set." (*Id*. at ¶ 5). The Court noted that Courcelle and Stansbury had been retained, not appointed, as counsel for Giles and The King Firm, LLC. (R. Doc. 198). The Court advised counsel that The King Firm, LLC, as a limited liability company, must retain counsel and may not represent itself in this matter, while Giles has the right to represent himself or to retain new counsel.[1] As such, the Court advised that it would issue an Order **GRANTING** the Motion to Withdraw. The Court gave Giles three weeks, or until July 31, 2025, to either enroll new counsel or to advise the Court in writing that he is proceeding *pro se* in this matter. The Court likewise gave The King Firm, LLC until July 31, 2025 to enroll new counsel.

The Court then discussed with counsel whether the hearing on the Government's Motion to Admit Statements Under the Forfeiture By Wrongdoing

---

[1] If Giles has any reason to believe that he is entitled to appointed counsel, he should file a motion for appointment of counsel in order for that determination to be made.

Exception (R. Doc. 227), scheduled for July 15, 2025 (R. Doc. 326), could proceed in the absence of representation for Giles and The King Firm, LLC. After a discussion with all counsel, the Court concluded that the hearing could not go forward without Giles and The King Firm, LLC having representation. Accordingly, the Court issued an **oral Order continuing without date** the hearing on the Government's Motion to Admit Statements Under the Forfeiture by Wrongdoing Exception.

The Court went on to discuss with counsel the Government's Motion to Quash Subpoenas (R. Doc. 333), wherein the Government seeks to quash two subpoenas that were requested by defendant, Vanessa Motta (R. Docs. 319 & 329). Motta and Motta Law, LLC oppose the Government's Motion to Quash Subpoenas (R. Doc. 345). For the reasons stated during the conference and relying upon the reasoning in the cases cited by the Court during the conference, *United States v. Vaughan*, Crim. A. No. 4:22-CR-00162-ALM-BD, 2025 WL 77382 (E.D. Tex. Jan. 10, 2025) (Davis, M.J.) and *United States v. Barrett*, 698 F. Supp. 3d 921 (M.D. La. 2023), the Court issued an **oral Order DENYING** the Government's Motion to Quash Subpoenas.

Finally, the Court discussed with counsel the proposed Scheduling Order that was previously submitted by the parties (R. Doc. 225). By agreement of all the parties, the Court issued an **oral Order** that all deadlines in the proposed Scheduling Order, except for the trial and final pretrial conference dates, are **CONTINUED without date**. The parties further agreed that, following the Court's order on the pending Motions to Sever (R. Docs. 216 & 271), counsel will confer and propose a new Scheduling Order with revised pretrial deadlines to the Court.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Withdraw as Counsel of Record (R. Doc. 339) is **GRANTED**. Jason F. Giles shall have **three (3) weeks, or until July 31, 2025**, to either enroll new counsel or to advise the Court in writing that he intends to proceed *pro se* in this matter. The King Firm, LLC shall also have until **July 31, 2025** to enroll new counsel.

**IT IS FURTHER ORDERED** that the July 15, 2025 hearing on the Government's Motion to Admit Statements Under the Forfeiture by Wrongdoing Exception (R. Doc. 227; R. Doc. 326) is **CONTINUED without date.**

**IT IS FURTHER ORDERED** that the Government's Motion to Quash Subpoenas (R. Doc. 333) is **DENIED.**

**IT IS FURTHER ORDERED** that all of the deadlines set forth in the proposed Scheduling Order (R. Doc. 225), except for the September 8, 2025 trial date and the August 11, 2025 pretrial conference date (*See* R. Doc. 208), are **CONTINUED without date.**

New Orleans, Louisiana, July 11, 2025.

**WENDY B. VITTER**
**United States District Judge**