# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 24-105** |
| **v.** | * | **SECTION: "D"** |
| | | **(Counts 1 through 8)** |
| **RYAN J. HARRIS,** *et al.* | * | |
| * | * | * |

## SCHEDULING ORDER

**IT IS ORDERED** that the following guidelines and deadlines are **SET**. The scheduling order assumes a trial date of March 2, 2026, for the joint trial of Sean D. Alfortish, Vanessa Motta, Motta Law, LLC, Jason F. Giles, The King Firm, LLC, Leon M. Parker, Diaminike F. Stalbert, Carl G. Morgan, and Timara N. Lawrence on Counts 1 through 8 of the Second Superseding Indictment (Rec. Doc. 256). Should the trial date change, the dates and deadlines reflected in this order will automatically adjust to incorporate the change in trial date (*i.e.*, the number of days prior to trial for each deadline will remain the same):

## DISCOVERY

Informal letter discovery/reciprocal discovery will be conducted in accordance with Rule 16 of the Federal Rules of Criminal Procedure and Local Criminal Rule 12 and will be completed by October 17, 2025. Any motions to compel discovery must be filed no later than October 6, 2025. Any opposition must be filed by October 24, 2025. Should the parties feel oral argument is necessary, they are instructed to contact the Magistrate Judge to select an available date for hearing.[1]

---

[1] Defendants object that the discovery deadline should come before deadlines for motions to compel to allow a fair assessment of discovery. Defendants propose the discovery deadline be moved up from October 17, 2025, to September 17, 2025, which would allow a review of that discovery prior to the October 6, 2025, motion to compel deadline.

The government and the defendants recognize that the parties will continue to investigate this matter beyond the October 17, 2025, discovery deadline, and all parties agree to turn over any additional discovery materials in a timely fashion.

### BRADY MATERIAL

The government is aware of its continuing obligation to produce exculpatory and other impeachment material under *Brady v. Maryland* and its progeny and will discharge this obligation. The government will provide any materials that are discoverable under *Brady*, to the extent they exist, during the Rule 16 discovery phase of this proceeding set forth above. However, materials or information which might constitute evidence discoverable under *Brady* and producible under the Jencks Act and Federal Rule of Criminal Procedure 26.2, will be produced with the Jencks materials on February 9, 2026.[2]

### JENCKS ACT MATERIALS

Materials to which the defendant and the government are entitled under Federal Rule of Criminal Procedure 26.2, the Jencks Act (18 U.S.C. § 3500) will be provided voluntarily to the opposing parties by Monday, February 9, 2026, at 5:00 p.m.[3] The parties may agree to provide materials at an earlier date to facilitate the expeditious presentation of evidence.

---

[2] The defendants object and propose a deadline of January 5, 2026. The defendants believe that because this trial does not involve issues surrounding witness safety and considering the presumptive voluminous amount of Brady/Jencks Act material that an earlier deadline is fair and appropriate. The government responds that witness safety issues are still relevant in the fraud case, and this issue was addressed already by Judge van Meerveld in her June 4, 2025, order denying Motta's motion to compel. *See* Rec. Doc. 318. The Motta Defendants respond that, while Judge van Meerveld denied the motion to compel Brady material, in part, based on the Court's belief that the proposed Jencks Act deadline was adequate, the adequacy of that deadline was itself not briefed or analyzed by the parties and was only incidental to the Court's ruling and is not binding on this Court in issuing a scheduling order.

[3] The defendants object and propose that the date be the same as above, January 5, 2026, for the same reasons. The government responds that this issue was already addressed by Judge van Meerveld in this case, *see* Rec. Doc. 318.

## PRE-TRIAL MOTIONS

The Court will hold a hearing on the government's motion concerning the forfeiture by wrongdoing exception to the hearsay rule on Thursday, October 16, 2025, at 10:00 a.m.[4]

Any motions to dismiss must be filed by November 24, 2025. Any opposition must be filed by December 8, 2025. The Court will hear any such motions on Tuesday, December 16, 2025, at 1:30 p.m.

Motions for a bill of particulars, motions to suppress, and motions to strike surplusage shall be filed by December 8, 2025. All oppositions shall be filed by December 22, 2025. The Court will hear any such motions on Tuesday, January 6, 2026, at 1:30 p.m. The parties recognize that certain rulings from the Court may require the filing of additional pre-trial motions.

## MOTIONS *IN LIMINE*

All motions *in limine* shall be filed no later than Tuesday, February 2, 2026, with all oppositions due by February 10, 2026. The Court will hear any such motions on Thursday, February 19, 2026, at 1:30 p.m.

### NOTICE OF THE UNITED STATES' INTENT TO ADMIT EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS IN ACCORDANCE WITH RULE 404(b) OF THE FEDERAL RULES OF EVIDENCE

The government will file any notice of its intent to utilize evidence of other crimes, wrongs or acts no later than January 5, 2026. Responses to the notice shall be due on January 23, 2026. The Court will hear the arguments on the notice on Tuesday, February 3, 2026, at 1:30 p.m.[5]

---

[4] Alfortish objects and requests a hearing date in December, three months before the trial. The government and Motta request a date in September. This date in October is available for the parties and would be a compromise. The parties acknowledge this would be a special setting on the Court's schedule.

[5] Defendants object, and state that this will likely be a significant and complicated motion, particularly in light of the

## EXPERT WITNESSES

In accordance with the provisions of Rule 16(a)(1)(G), the United States will designate experts it may call and provide the required Rule 16 disclosures no later than December 6, 2025, unless the expert is acquired in response to notice that the defense will utilize expert testimony at trial in which case the United States will have until January 20, 2026, to produce same. In accordance with the provisions of Rule 16(b)(1)(C), the defense will designate experts it may call and provide the required Rule 16 disclosures no later than January 6, 2026, unless the expert is acquired in response to notice that the United States will utilize expert testimony at trial in which case the defense will have until January 20, 2026, to produce same.

Responses to any notices shall be due 14 days after disclosure. The Court will hold any *Daubert* hearings no later than February 10, 2026, at 1:30 p.m.[6]

## STIPULATIONS

To facilitate judicial economy, where authenticity and technical predicates are not at issue, the government will submit a proposed stipulation relating to the authenticity of its evidence no later than January 20, 2026. The stipulations will encompass the authenticity of recorded audio/video tapes and business/public records. The defendants will review the proposed stipulations and propose any changes by February 2, 2026, with agreement on the

---

Court's recent Order severing the murder counts from this trial. In anticipation of that fact, the Defendants propose initiating this disclosure and motion practice earlier in time. This is also important because the government may attempt to introduce via its motion a significant number of additional collisions, which will trigger potential other motion practice, e.g., motions to compel discovery, based on these newly identified collisions. In light of those concerns, the Defendants proposed an initial filing deadline of November 3, 2025, and a response deadline of November 24, 2025, and a hearing date of December 9, 2025. The government responds that the early January deadline provides adequate time for both the government to determine what, if any, Rule 404(b) evidence it will present, and defense to present arguments regarding that evidence. The government will comply with discovery production deadlines as proposed in this order.

[6] The government proposes that any *Daubert* hearings may be held at an earlier date if requested by parties to facilitate preparation for trial.

4

final stipulations to be completed no later than February 16, 2026. The government will likewise act accordingly with any stipulations proposed by the defense.

## EXHIBIT LISTS

Proposed exhibit lists (United States and defense) will be submitted to each party by January 20, 2026. The parties also desire to present trial exhibits without redaction. However, the parties understand and agree that no trial exhibit can be released to a non-party without satisfying the requirements of Fed. R. Crim. P. 49.1. Charts and summaries used to aid the jury will be disclosed by the parties at trial. Further amendments to the exhibit lists will be disclosed immediately.

## OBJECTIONS - EXHIBITS

Objections to proposed exhibits will be provided to the Court no later than 5:00 p.m. on February 9, 2026, with responses to the objections due to the Court no later than 5:00 p.m. on February 16, 2026. All exhibits disclosed prior to trial and not objected to prior to trial shall be considered authentic, reliable, and trustworthy for purposes of admissibility. However, the parties do reserve the right to object to the relevancy of any exhibit. The parties also reserve the right to introduce testimony that explains the background or circumstances surrounding any exhibit sought to be introduced at trial.

## WITNESS LISTS[7]

The parties will endeavor in good faith to exchange next day witness lists the day before testimony.

New Orleans, Louisiana, this _____ day of _____, 2025.

_____
HONORABLE WENDY B. VITTER
CHIEF UNITED STATES DISTRICT JUDGE

---

[7] The government has not included any pre-trial exchange of witness lists in this proposed Order. Defendants object and submit that the government should be required to disclose a witness list 28 days before trial. The government responds that a list of anticipated witnesses, even in complex trials, is only disclosed the day before those witnesses testify. Additionally, witness safety concerns in this case make an earlier disclosure deadline particularly inappropriate. *See, e.g.,* Rec. Doc. 318, p.7 (discussing government's witness safety concerns in denying motion for early Jencks Act disclosures). Defendant Alfortish intends to file a brief reply to the government's position on this issue.