UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 24-105 |
| RYAN J. HARRIS, ET AL. | SECTION: D (1)<br>This Order applies to Counts 9-13 of the Second Superseding Indictment |

### SCHEDULING ORDER

**IT IS HEREBY ORDERED** that the following guidelines and deadlines are **SET.** The scheduling order assumes a trial date of August 10, 2026, for the joint trial of Sean D. Alfortish and Leon M. Parker on Counts 9 through 13 of the Second Superseding Indictment (R. Doc. 256). Should the trial date change, the dates and deadlines reflected in this order will automatically adjust to incorporate the change in trial date (*i.e.*, the number of days prior to trial for each deadline will remain the same):

### DISCOVERY

Informal letter discovery/reciprocal discovery will be conducted in accordance with Rule 16 of the Federal Rules of Criminal Procedure and Local Criminal Rule 12 and will be completed by **December 17, 2025**. Any motions to compel discovery must be filed no later than **May 11, 2026.** Any opposition must be filed by **May 22, 2026**. Should the parties feel oral argument is necessary, they are instructed to contact the Magistrate Judge to select an available date for hearing.

The government and the defendants recognize that the parties will continue to

investigate this matter beyond the discovery deadline, and all parties agree to turn over any additional discovery materials in a timely fashion.

## BRADY MATERIAL

The government is aware of its continuing obligation to produce exculpatory and other impeachment material under *Brady v. Maryland* and its progeny and will discharge this obligation. The government will provide any materials that are discoverable under *Brady*, to the extent they exist, during the Rule 16 discovery phase of this proceeding set forth above. Any materials that apply specifically to the trial homicide-related counts and which might constitute evidence discoverable under *Brady* and producible under the Jencks Act and Federal rule of Criminal Procedure 26.2, will be produced with the Jencks materials on **July 27, 2026**.

## JENCKS ACT MATERIALS

Materials that apply specifically to the trial on the homicide-related counts and to which the defendant and the government are entitled under Federal Rule of Criminal Procedure 26.2, the Jencks Act (18 U.S.C. § 3500) will be provided voluntarily to the opposing parties by **July 27, 2026, at 5:00 p.m**. The parties may agree to provide materials at an earlier date to facilitate the expeditious presentation of evidence.

## PRE-TRIAL MOTIONS

The parties shall endeavor to follow the deadlines set forth in the scheduling order for the trial on fraud-related counts in this matter, as motions may apply to both the fraud trial and the homicide trial.

Should any additional motions that apply exclusively to homicide trial be

necessary, the parties shall file such motions no later than **May 25, 2026**. Oppositions shall be due no later than **June 8, 2026**. The Court will hear any such motions on **Tuesday, June 23, 2026, at 1:30 p.m**.

The parties recognize that certain rulings from the Court may require the filing of additional pre-trial motions.

## MOTIONS *IN LIMINE*

All motions *in limine* shall be filed no later than **June 29, 2026**, with all oppositions due by **July 8, 2026**. The Court will hear any such motions on **Tuesday, July 14, 2026, at 1:30 p.m**.

## NOTICE OF THE UNITED STATES' INTENT TO ADMIT EVIDENCE OF OTHER CRIMES, WRONGS, OR ACTS IN ACCORDANCE WITH RULE 404(b) OF THE FEDERAL RULES OF EVIDENCE

The government will file any notice of its intent to utilize evidence of any other crimes, wrongs or acts that it did not give notice of prior to the fraud trial shall be disclosed no later than **April 20, 2026**. Responses to the notice shall be due on **May 11, 2026**. The Court will hear the arguments on the notice on **Tuesday, May 19, 2026, at 1:30 p.m.**

## EXPERT WITNESSES

In accordance with the provisions of Rule 16(a)(1)(G), the United States will designate experts it may call that it did not disclose prior to the fraud trial and provide the required Rule 16 disclosures no later than **May 11, 2026**, unless the expert is acquired in response to notice that the defense will utilize expert testimony at trial in which case the United States will have until **June 18, 2026**, to produce

same. In accordance with the provisions of Rule 16(b)(1)(C), the defense will designate experts it may call and provide the required Rule 16 disclosures no later than **June 11, 2026**, unless the expert is acquired in response to notice that the United States will utilize expert testimony at trial in which case the defense will have until **June 18, 2026**, to produce same.

Responses to any notices shall be due 14 days after disclosure. The Court will hold any *Daubert* hearings no later than **Thursday**, **July 9, 2026, at 1:30 p.m**.

## STIPULATIONS

To facilitate judicial economy, where authenticity and technical predicates are not at issue, the government will submit a proposed stipulation relating to the authenticity of its evidence no later than **July 9, 2026**. The stipulations will encompass the authenticity of recorded audio/video tapes and business/public records. The defendants will review the proposed stipulations and propose any changes by **July 16, 2026**, with agreement on the final stipulations to be completed no later than **July 20, 2026**. The government will likewise act accordingly with any stipulations proposed by the defense.

## EXHIBIT LISTS

Proposed exhibit lists (United States and defense) will be submitted to each party by **July 20, 2026**. The parties also desire to present trial exhibits without redaction. However, the parties understand and agree that no trial exhibit can be released to a non-party without satisfying the requirements of Federal Rule of Criminal Procedure 49.1. Charts and summaries used to aid the jury will be disclosed

by the parties at trial. Further amendments to the exhibit lists will be disclosed immediately.

## OBJECTIONS - EXHIBITS

Objections to proposed exhibits will be provided to the Court no later than **5:00 p.m. on July 24, 2026**, with responses to the objections due to the Court no later than **5:00 p.m. on July 28, 2026**. All exhibits disclosed prior to trial and not objected to prior to trial shall be considered authentic, reliable, and trustworthy for purposes of admissibility. However, the parties do reserve the right to object to the relevancy of any exhibit. The parties also reserve the right to introduce testimony that explains the background or circumstances surrounding any exhibit sought to be introduced at trial.

## WITNESS LISTS

The government will provide defense counsel with a list of intended witnesses one week before trial. Furthermore, both the government and defendants will endeavor in good faith to exchange next day witness lists the day before testimony. All parties will provide timely notice of any changes.

New Orleans, Louisiana, October 6, 2025.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**