UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 24-105** |
| **RYAN J. HARRIS, ET AL.** | **SECTION: D (1)** <br> **This Order applies to all defendants except for Ryan Harris and Jovanna R. Gardner** |

**ORDER AND REASONS**

Before the Court is the Government's Motion to Limit Scope of Evidentiary Hearing Concerning Forfeiture by Wrongdoing.[1] Defendants, Jason Giles and The King Firm, LLC oppose the Motion,[2] and the Government has filed a Reply.[3] The Court heard oral arguments on the Motion on November 20, 2025.[4]

After careful consideration of the parties' memoranda, oral arguments, and the applicable law, and for the reasons stated during the oral argument, the Motion is **GRANTED in part and DENIED in part.**

## I.   FACTUAL AND PROCEDURAL BACKGROUND[5]

On April 25, 2025, the grand jury in the United States District Court for the Eastern District of Louisiana returned a second superseding indictment in this case charging Sean D. Alfortish, Vanessa Motta, Motta Law, LLC ("Motta Law"), Jason F.

---

[1] R. Doc. 446.
[2] R. Doc. 465.
[3] R. Doc. 470.
[4] R. Doc. 479.
[5] In the interest of judicial economy, and because the factual and procedural history of this case was set out in great detail in the Court's July 25, 2025 Order and Reasons (R. Doc. 357), the Court will limit its recitation of the factual and procedural background to matters relevant to the instant Motion.

Giles, The King Firm, LLC (the "King Firm"), Leon M. Parker, Diaminike F. Stalbert, Carl G. Morgan, and Timara N. Lawrence with various counts arising from a years-long scheme to stage fake automobile collisions in the New Orleans metropolitan area and file fraudulent insurance claims and fraudulent lawsuits based on the staged collisions, as well as the September 22, 2020 murder of Cornelius Garrison.[6] On September 18, 2020, four days before his murder, a federal grand jury in the Eastern District of Louisiana charged Garrison and eight codefendants in a seven-count indictment related to staged automobile collisions.[7] The Government contends that Garrison began covertly cooperating with the federal government concerning the staged collision scheme in October 2019, and that his indictment contained information that he provided over the course of his cooperation in the federal criminal investigation.[8] The Government's theory in this case, at least with respect to Garrison's murder, is that Alfortish and Parker conspired to murder Garrison in retaliation for his past cooperation with law enforcement and to prevent him from otherwise cooperating with law enforcement.[9]

---

[6] R. Doc. 256. On May 3, 2024, the grand jury returned an indictment in this case, initially under seal, charging Ryan J. Harris and Jovanna R. Gardner in a five-count indictment related to the staged automobile collisions and Garrison's murder. R. Doc. 1. The Government filed a superseding bill of information for conspiracy to commit witness tampering as to Gardner on June 18, 2024, and she entered a guilty plea that same day. R. Docs. 45 & 46. Gardner is currently awaiting sentencing. R. Doc. 447. On December 6, 2024, the Government filed a ten-count superseding indictment charging Harris, Alfortish, Motta, Motta Law, Giles, the King Firm, Parker, Stalbert, Morgan, and Lawrence with various crimes related to the staged automobile collision scheme and Garrison's murder. R. Doc. 78. On January 13, 2025, the Government filed a superseding bill of information as to Harris, charging him with conspiracy to commit mail and wire fraud, wire fraud, and causing death through the use of a firearm. R. Doc. 180. Harris entered a guilty plea as to all three counts of the superseding bill of information on January 16, 2025 and is awaiting sentencing. R. Docs. 182 & 395.
[7] *See* R. Doc. 1 in *United States of America v. Cornelius Garrison, et al.*, Crim. A. No. 20-92-SSV-KWR (E.D. La.) (hereafter, the *Garrison* matter").
[8] R. Doc. 256 at p. 3, ¶ 10 & p. 20, ¶ 3.
[9] *Id*. at pp. 20–23.

On March 31, 2025, the Government filed a Motion to Admit Statements Under the Forfeiture by Wrongdoing Exception, seeking an order admitting the following three categories of statements at trial: (1) statements made by Garrison "to law enforcement and others" against Alfortish, Parker, Motta, and Motta Law under the forfeiture by wrongdoing exception to the hearsay rule set forth in Federal Rule of Evidence 804(b)(6); (2) statements Garrison made to coconspirators about Giles and the King Firm in furtherance of the conspiracy under the hearsay exception set forth in Federal Rule of Evidence 801(d)(2)(E); and (3) statements made by Garrison that indirectly implicate Morgan and Stalbert in participating in staged collisions.[10] The Government first asserts that Garrison's statements about defendant, Ryan Harris, and Harris's family indirectly implicate Parker in the staged collision scheme and that they should be admissible against Parker under the exception set forth in Rule 804(b)(6) because Parker was involved in Garrison's murder.[11] The Government next asserts that Garrison's statements should be admissible against Alfortish because Garrison alerted law enforcement to multiple attempts by Alfortish and Motta to silence him, and Alfortish arranged for Garrison's murder.[12] The Government then asserts that Garrison's statements should be admitted against Motta and Motta Law based upon Motta's repeated efforts to prevent Garrison from talking to anyone about the staged collision scheme, which the Government claims demonstrated her "bad intent" and desire to make Garrison an unavailable witness.[13] The Government

---

[10] R. Doc. 227; R. Doc. 227-1 at p. 1.
[11] R. Doc. 227-1 at p. 20.
[12] *Id.* at p. 21 (*citing* R. Doc. 184 at pp. 4–5).
[13] R. Doc. 227-1 at pp. 21–22.

contends that Motta and Alfortish's romantic relationship, and the fact that they worked closely together in the staged collision scheme, "suggests, at least for purposes of this pretrial evidentiary matter, that Alfortish's criminal behavior should be imputed to Motta."[14] The Government further asserts that Garrison's statements to Harris made during and in furtherance of the staged collision scheme are not hearsay and should be admissible against Giles and the King Firm as c-conspirator statements under Fed. R. Evid. 801(d)(2)(E).[15] The Government claims that its Motion to Admit Statements can be ruled on without a hearing, but that if the Court requests an evidentiary hearing, it will make FBI Special Agent Michael Heimbach available.[16] Several defendants oppose the Government's Motion to Admit Statements,[17] and the Government has filed a Reply.[18] The Motion to Admit Statements is set for an evidentiary hearing on December 5, 2025.[19]

In the instant Motion, the Government asks the Court to limit the scope of the evidentiary hearing on its Motion to Admit Statements by precluding defendants, Giles and the King Firm, from participating in the hearing.[20] The Government asserts that counsel for Giles and the King Firm have stated that they plan to

---

[14] *Id.* at p. 22 (citing *United States v. Sanders*, 952 F.3d 263, 275 (5th Cir. 2020)).
[15] R. Doc. 227-1 at pp. 23–24 (citing *United States v. Hall*, 500 F.3d 439, 443 (5th Cir. 2007)). Although not pertinent to the instant Motion, the Government further asserted in its Motion to Admit Statements that while some of Garrison's statements made to law enforcement and others that are admissible against other defendants will implicate Stalbert and Morgan in the staged collision scheme, it does not intend to use these statements against Stalbert and Morgan and the Court should provide a limiting instruction to the jury. R. Doc. 227-1 at pp. 24–25.
[16] R. Doc. 227-1 at pp. 1–2 & 25.
[17] R. Docs. 240, 262, 292, & 340.
[18] R. Doc. 346.
[19] R. Doc. 472.
[20] R. Doc. 446-1 at p. 1. The Government notes that defendants, Stalbert, Morgan, and Lawrence, have not requested to participate in the hearing, so the Government does not include them as parties to the instant Motion and does not object to those defendants attending the hearing. *Id.* at n.1.

question a witness, Ryan Harris, during the hearing, despite the fact that the Government does not intend to use the forfeiture by wrongdoing exception to admit Garrison's statements against either Giles or the King Firm.[21] The Government explains that Harris was charged in May 2024 with various offenses related to Garrison's murder and the staged collision scheme, and that he subsequently entered a guilty plea on January 16, 2025.[22] The Government contends that in his Factual Basis, Harris implicated Alfortish, Motta, Motta Law, Parker, Giles, the King Firm, Lawrence, and Morgan in the staged collision scheme, and implicated Alfortish and Parker in Garrison's murder.[23]

The Government asserts that in its Motion to Admit Statements and its subsequent Reply brief, it cited Harris's Factual Basis, statements Garrison made to law enforcement, and other evidence to demonstrate that Alfortish paid Parker to murder Garrison and that Motta was at least aware that Garrison would be murdered and did nothing to prevent it.[24] The Government points out that in June 2025, Motta obtained subpoenas for Harris and personal injury attorney, Bradley Egenberg, to appear at the evidentiary hearing on the Government's Motion to Admit Statements.[25] The Government contends that Giles and the King Firm have no stake in the outcome of the hearing, so they should not be allowed to participate or question

---

[21] R. Doc. 446-1 at p. 1.
[22] *Id.* at p. 2 (*citing* R. Docs. 1 & 183).
[23] R. Doc. 446-1 at p. 2 (*citing* R. Doc. 184 at pp. 2 & 5).
[24] R. Doc. 446-1 at p. 3 (*citing* R. Docs. 227 & 346).
[25] R. Doc. 446-1 at p. 3 (*citing* R. Doc. 329). The Court notes that the hearing on the Government's Motion to Admit Statements was scheduled for July 15, 2025 when the subpoenas were requested. *See* R. Docs. 326 & 351.

witnesses.[26] The Government asserts that Giles and the King Firm's Sixth Amendment right to confront witnesses does not apply because this is a hearing, not a trial,[27] and because Harris will not be an adverse witness to Giles or the King Firm at the hearing.[28]

Giles and the King Firm oppose the Motion, asserting that they clearly have an interest in the outcome of the hearing on the Government's Motion to Admit Statements because the Government seeks to admit hearsay statements against them that Garrison made to Harris (and/or other coconspirators) in furtherance of the conspiracy but under a different hearsay rule, namely Fed. R. Evid. 801(d)(2)(E).[29] Giles and the King Firm argue that there is no evidence linking Harris to a conspiracy with Giles and/or the members of the King Firm.[30] Giles and the King Firm point out that every reference to Harris in the second superseding indictment is devoid of any reference to Giles and the King Firm and fails to link Harris to Giles or the King Firm.[31] Giles and the King Firm contend that the fact that Harris allegedly heard a reference to Giles and the King Firm does not mean any such statement is in furtherance of the conspiracy.[32] Giles and the King Firm argue that the Government is attempting to present hearsay evidence despite the fact that the Government has no evidence of direct communications, financial transactions, or other connections

---

[26] R. Doc. 446-1 at p. 4.
[27] *Id.* at pp. 4–5 (citing *United States v. Daniels*, 930 F.3d 33, 405 (5th Cir. 2019)).
[28] R. Doc. 446-1 at pp. 4–5 (citing *United States v. Kindig*, 854 F.2d 703, 708 (5th Cir. 1988)).
[29] R. Doc. 465 at pp. 1–2.
[30] *Id.* at p. 2.
[31] *Id.* at pp. 3–4 (*quoting* R. Doc. 265 at ¶¶ 11, 23, 24, 25, 26, 26(c), 26(e), 26(g), 26(h), 26(i), 26(j), & 26(k)).
[32] R. Doc. 465 at p. 4.

between themselves and Harris.[33] Finally, Giles and the King Firm assert that they do not intend to engage in a fishing expedition at the hearing, and that they should be given the opportunity to cross-examine and confront Harris regarding any statements that the Government intends to introduce against them at trial.[34]

In response, the Government maintains that it is unnecessary and inappropriate for Giles and the King Firm to participate in the hearing on the Government's Motion to Admit Statements because non-hearsay coconspirator statements do not implicate the forfeiture by wrongdoing exception that will be at issue at the hearing.[35] The Government asserts that the Court would not be depriving Giles or the King Firm of their day in court because they have already filed their own motion seeking a pretrial ruling on the admissibility of coconspirator statements, which motion remains pending at this time.[36] The Government claims that in opposing that motion, it argued that the Court should not hold a pretrial hearing, and should instead wait until trial when a determination regarding the existence of the Rule 801(d)(2)(E) predicate facts can be made.[37] The Government maintains that because the upcoming hearing concerns the forfeiture by wrongdoing exception and Giles and the King Firm's participation would be irrelevant to that issue, it would be inappropriate to allow them to question witnesses about coconspirator statements at the hearing.[38]

---

[33] *Id.*
[34] *Id.* at p. 5.
[35] R. Doc. 470 at p. 1.
[36] *Id.* at pp. 1–2 (*citing* R. Doc. 280). The Court denied Giles and the King Firm's Motion on November 21, 2025. R. Doc. 480.
[37] R. Doc. 470 at p. 2 (*citing* R. Doc. 322 at pp. 3–4).
[38] R. Doc. 470 at p. 3.

During oral argument, the Government argued that it only intends to elicit testimony regarding the admissibility of Garrison's statements against Parker, Alfortish, Motta, and Motta Law under the forfeiture by wrongdoing exception at the hearing, and that Giles and the King Firm are trying to expand the scope of the hearing by questioning Harris about other matters. Counsel for Giles argued that Giles and the King Firm should be able to participate and question Harris during the hearing because he may testify about the global conspiracy and the coconspirators of the staged collision scheme, implicating Giles and the King Firm. Counsel for Giles expressed a desire to cross-examine Harris at the hearing and present argument to the Court regarding the admissibility of Garrison's statements under the wrongdoing by forfeiture exception. Counsel for the King Firm also expressed a desire to participate in the evidentiary hearing and asserted that if Harris is called to testify at trial, counsel will file another motion to sever to prevent any prejudice that will result from Harris testifying about Garrison's murder. Counsel for Morgan similarly expressed a desire to question Harris at the hearing if any of the statements sought to be introduced by the Government under the forfeiture by wrongdoing exception implicate Morgan in the staged collision scheme. The Government responded by asserting that if Garrison's statements are admitted under the forfeiture by wrongdoing exception, a limiting instruction would be appropriate and warranted to advise the jury that the statements may only be considered as to Parker, Alfortish, Motta, and Motta Law. The Government maintains that counsel for defendants other than Parker, Alfortish, Motta, and Motta Law should not be allowed to cross-examine

Harris at the hearing since the Government does not seek to introduce Garrison's statements against them under the forfeiture by wrongdoing exception.

## II. LAW AND ANALYSIS

At the outset, the Court points out that it recently issued an Order and Reasons denying the Motion for Pre-Trial Hearing, Advance Proffer, and Ruling on the Admissibility of Alleged Co-Conspirator Statements on Behalf of Jason F. Giles and The King Law Firm, LLC.[39] In that ruling, the Court denied a request from Giles and the King Firm to hold a pre-trial hearing regarding the admissibility of statements made by Garrison to Harris under Fed. R. Evid. 801(d)(2)(E) pursuant to *United States v. James*.[40] The Court concluded that holding a pre-trial *James* hearing to determine the admissibility of coconspirator statements would be impractical, unnecessary, wasteful, and would result in a mini-trial of considerable length, given the nature of the conspiracy alleged in count one of the second superseding indictment.[41] The Court determined that it would be more appropriate to defer ruling on the admissibility of the coconspirator statements "until trial, at which point the Court will be in a better position to evaluate the merits of" the parties' arguments.[42] The Court therefore denied the Motion for Pre-Trial Hearing. The Court, however, made clear that it would make a determination regarding the admissibility of the

---

[39] R. Doc. 480.
[40] 590 F.2d 575, 582 (5th Cir. 1979).
[41] R. Doc. 480 at p. 8.
[42] *Id.*

coconspirator statements during trial "whenever reasonably practicable," as required under Fifth Circuit jurisprudence.[43]

Because Harris will likely be called as a witness by the Government at trial, Giles and the King Firm will have an opportunity to cross-examine Harris regarding any statements made by Garrison and the circumstances surrounding those statements, including whether they were made during and in furtherance of any alleged conspiracy, before the Court rules on the admissibility of those statements as coconspirator statements under Fed. R. Evid. 801(d)(2)(E). Giles and the King Firm are not entitled to obtain Harris' testimony on that issue prior to trial by questioning him during the December 5, 2025 evidentiary hearing, which will be limited to the admissibility of Garrison's statements to law enforcement and others under the forfeiture by wrongdoing exception set forth in Fed. R. Evid. 804(b)(6). Giles and the King Firm seemingly recognize the narrow scope of the hearing because they assert in their Opposition brief that their questioning of Harris would not constitute a "fishing expedition."[44] To the extent Giles and the King Firm claim in their Opposition brief that they will not have "an opportunity to confront an accuser" if they are precluded from questioning Harris about the coconspirator statements at the evidentiary hearing, the Fifth Circuit has held that a defendant's Sixth Amendment right to confront a witness is a trial right.[45] The defendants will be

---

[43] *Id.* at p. 9 (citing *United States v. Fragoso*, 978 F.2d 896, 900 (5th Cir. 1992) (quoting *United States v. James*, 590 F.2d 575, 582 (5th Cir. 1979)) (citation modified).
[44] R. Doc. 465 at p. 5.
[45] R. Doc. 446-1 at p. 5 (citing *United States v. Daniels*, 930 F.3d 393, 405 (5th Cir. 2019) (citing *United States v. Stewart*, 93 F.3d 189, 192 n.1 (5th Cir. 1996))).

afforded that right at trial. Moreover, the Fifth Circuit has held that, "[s]tatements made by a co-conspirator during the course and in furtherance of a conspiracy are by their nature generally nontestimonial and thus are routinely admitted against an accused despite the absence of an opportunity for cross-examination."[46] Accordingly, Giles and the King Firm are precluded from questioning Harris regarding the admissibility of alleged coconspirator statements made by Garrison to Harris under Rule 801(d)(2)(E) at the December 5, 2025 hearing on the Government's Motion to Admit Statements.

To the extent that counsel for Giles and the King Firm both expressed during oral argument that they seek the opportunity to cross-examine Harris before the Court rules on the admissibility of Garrison's statements under the forfeiture by wrongdoing exception, the Court will allow counsel to question Harris on that narrow issue. To be clear, the Court will allow counsel for Giles and the King Firm to question Harris only as to the statements made by Garrison that the Government intends to admit against Alfortish, Parker, Motta, and Motta Law under the forfeiture by wrongdoing exception in Rule 804(b)(6). The Court notes that it previously addressed the limited scope of questioning that will be allowed of Harris during the evidentiary hearing on the Government's Motion to Admit Statements.

---

[46] *United States v. Holmes*, 406 F.3d 337, 348 (5th Cir. 2005) (citing authority). *See United States v. Gurrola*, 898 F.3d 524, 535, n.17 (citing *Davis v. Washington,* 547 U.S. 813, 821–22, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006); *Holmes*, 400 F.3d at 347–48) ("The Confrontation Clause does not bear on non-testimonial statements. And it is well-settled within this Circuit that co-conspirator statements are non-testimonial."); *United States v. Jackson*, 636 F.3d 687, 692 (5th Cir. 2011) (citing *Holmes*, 406 F.3d at 348; *Crawford v. Washington*, 541 U.S. 36, 56, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004)) (recognizing that business records are not testimonial in nature and that, "[t]he same is generally true of coconspirator statements made during the course and in furtherance of a conspiracy.").

During a telephone status conference held on July 10, 2025, the Court denied the Government's Motion to Quash two subpoenas issued to Harris and attorney, Bradley Egenberg, at the request of Motta and Motta Law to appear and testify at the hearing on the Government's Motion to Admit Statements.[47]  In denying the Motion to Quash, the Court advised counsel that the hearing would not devolve into a fishing expedition, and that Motta and Motta Law would be limited to questioning the witnesses regarding the Government's arguments on the admissibility of Garrison's statements under the forfeiture by wrongdoing exception.  Accordingly, any questioning of Harris during the December 5, 2025 evidentiary hearing will be limited to the admissibility of Garrison's statements against Alfortish, Motta, Motta Law, and Parker under the forfeiture by wrongdoing exception set forth in Fed. R. Evid. 804(b)(6).

### III.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Government's Motion to Limit Scope of Evidentiary Hearing Concerning Forfeiture by Wrongdoing [48] is **GRANTED in part and DENIED in part.**  The Motion is **GRANTED** to the extent that the Government seeks to prevent Jason F. Giles and The King Firm, LLC from questioning Ryan Harris at the December 5, 2025 evidentiary hearing regarding statements made by Garrison to Harris that the Government seeks to admit against Giles and the King Firm as coconspirator statements under Fed. R. Evid. 801(d)(2)(E).  The Motion is **DENIED** to the extent that the Government seeks to

---

[47] R. Doc. 351 at p. 3.
[48] R. Doc. 446.

prevent Giles and the King Firm from questioning Harris regarding the admissibility of statements made by Garrison to law enforcement and others under the forfeiture by wrongdoing exception set forth in Fed. R. Evid. 804(b)(6). Defense counsel will be allowed to question Harris during the hearing, but only as to the admissibility of Garrison's statements to law enforcement and others under the forfeiture by wrongdoing exception in Rule 804(b)(6).

New Orleans, Louisiana, November 26, 2025.

*Wendy B Vitter*
**WENDY B. VITTER**
**United States District Judge**