UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 24-105** |
| v. | * | **SECTION: "D" (1)** |
| **SEAN D. ALFORTISH** | * | |

\* \* \*

## MOTION AND INCORPORATED MEMORANDUM TO CONTINUE TRIAL DATE

Defendant Sean D. Alfortish respectfully moves to continue the March 2, 2025 trial in this matter. Defendants Leon Parker, Diaminike Stalbert, Carl Morgan and Timara Lawrence do not oppose this Motion. Defendants Vanessa Motta (& Motta Law), and Jason Giles oppose this Motion. The Government opposes the Motion and will file separately to explain its position. I have not reached counsel for Defendant King Firm and I do not know its position on this Motion.

### I.

On April 25, 2025, a thirteen count Second Superseding Indictment ("2nd SI") was returned. Dkt. 256. On July 25, 2025, this Court severed trial on Counts 1-8 of the 2nd SI from trial on Counts 9-13. Dkt. 357. Trial on Counts 1-8 is set to begin on March 2, 2026. Dkt. 368. Trial on Counts 9-13 is set for August 10, 2025. Dkt. 379.

### II.

On January 12, 2026, a seventeen count Third Superseding Indictment ("3rd SI") was served on all parties.[1] Counts 1, 2, 4, 6-10 correspond to Counts 1-8 of the prior indictment; Counts 11-15 correspond to Counts 9-13 of the prior indictment. Counts 3, 5, 16 and 17 have been added. The 3rd SI differs from the 2nd SI in the following ways pertinent to Sean Alfortish:

---

[1] The Third Superseding Indictment was returned and filed on January 9, 2026. However, it was not served via CM/ECF until 2:31 p.m. on January 12th.

1. In the 2nd SI, Count One (Conspiracy to Commit Mail and Wire Fraud) alleged Alfortish's involvement in *five* staged accidents between 2015 and 2021. Dkt. 256, pp. 13-15. The 3rd SI adds *nine* more, for a total of *fourteen* staged accidents in which Alfortish is allegedly involved. Dkt. 357, pp. 13-16.

2. The 3rd SI adds a count of mail fraud against Mr. Alfortish that allegedly occurred on November 3, 2023. Dkt. 357, Count 5.

3. The 3rd SI charges Alfortish with Obstruction of Justice and Subornation of Perjury, in connection with a witness deposition held on September 19, 2025. Dkt. 357, Counts 16, 17.

### III.

The 3rd SI substantially broadens the enumerated facts in the fraud charges against Mr. Alfortish and adds two entirely new charges. These newly enumerated facts and charges are of significant import. Prior to 2026, Mr. Alfortish's strategy was largely determined. But the 3rd SI will require additional review of discovery, independent investigation, and a fundamental reevaluation of the defense strategy for the two upcoming trials that Mr. Alfortish faces. He is 58 years old and conviction at any of his trials will likely result in a life sentence.

### IV.

Discovery in this case has included 3,623,271 numbered items and review has necessarily focused on the items most likely to be pertinent for trial. The exact times and dates of accidents that Mr. Alfortish was allegedly involved in are of significance to his defense strategy, and preparation has focused on the accidents listed in the indictment. The 3rd SI triples the number of enumerated accidents involving Mr. Alfortish from five to fourteen. After I have reviewed and evaluated the evidence of Mr. Alfortish's involvement in these events, then counsel and Mr.

Alfortish will need to discuss and decide whether the evidence necessitates a change in defense strategy. This will require additional meetings between client and counsel, which are restricted in time and place because of the fact that Alfortish is detained prior to trial.*[2]*

### V.

The new Counts 16 and 17 for obstruction of justice and perjury involve events entirely outside the scope of the prior indictments. As an initial matter, I had to ascertain whether these charges necessitated my withdrawal as counsel of record. After conducting research, speaking with my client, and conferring with the prosecution I determined that my withdrawal is not necessary. Now, I must ascertain the factual bases and legal implications of these new charges on Mr. Alfortish's entire defense.

### VI.

Among other things, I must evaluate and, if necessary, litigate whether these new charges may properly be included with the charges in the 2d SI. The new charges fundamentally impact the previously settled defense strategy, and their procedural posture is unclear. While the Court has severed the prior thirteen charges into two trials, the Court has not been asked to rule on whether the new Counts 16 and 17 must be tried separately from those cases. I will need to research and evaluate this issue and, if necessary, bring it to the Court to make a ruling on it prior to trial.

### VII.

Currently, Jencks Act materials are due to be produced on February 9, 2026 and they are expected to be voluminous. The reality of criminal discovery under the Jencks Act is that disclosure occurs shortly before trial, and thereafter, defense counsel must scramble until trial

---

2  The St. Charles Parish Sheriff's Office has been extremely cooperative. Nevertheless, meeting times are restricted and require pre-scheduling.

just to review and analyze the materials and prepare to examine the witnesses in light of the new information received. I cannot simultaneously conduct this review and analysis, investigate and prepare to defend the nine newly enumerated alleged accidents, evaluate and speak candidly with my client about the new charges, litigate the inclusion of the new charges in this indictment, and prepare to question witnesses at trial in the forty-eight days left until March 2nd.[3]

## VIII.

**WHEREFORE**, defendant Sean Alfrotish respectfully requests that the March 2, 2026 trial date in this matter be continued, and a status conference set to discuss a new trial date.

Respectfully submitted,

/s/ Shaun G. Clarke
Shaun G. Clarke (La. Bar No. 24054)
**MURPHY BALL STRATTON LLP**
650 Poydras Street, Suite 1400
New Orleans, Louisiana 70130
Cell: (713) 858-1657
sclarke@mbssmartlaw.com

**COUNSEL FOR DEFENDANT,
SEAN D. ALFORTISH**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically on January 14, 2026, upon all attorneys of record via the Court's CM/ECF system.

/s/ Shaun G. Clarke

---

3  During the December 5, 2025 hearing on the Government's forfeiture by wrongdoing motion, counsel for Ms. Motta's questions to Special Agent Heimbach caused me concern that Ms. Motta's defense may be antagonistic to Mr. Alfortish's defense. I have subsequently spoken to Mr. Toomey and I am informed and believe that Ms. Motta's defense will be to place blame for her predicament on Mr. Alfortish. I have not yet reached a final decision on whether to seek severance prior to trial, or to wait and see whether prejudice develops during trial.