## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 24-105** |
| **v.** | * | **SECTION: "D" (1)** |
| **SEAN D. ALFORTISH** | * | |
| | * * * | |

### REFILED MOTION AND INCORPORATED
### MEMORANDUM TO CONTINUE TRIAL DATE

Defendant Sean D. Alfortish respectfully moves this Court to continue his March 2, 2025 trial date. Defendants Leon Parker, Diaminike Stalbert, Carl Morgan and Timara Lawrence do not oppose this Motion. The Government and defendants Vanessa Motta, Motta Law, Jason Giles and the King Firm oppose this Motion.

Alfortish will also file shortly a motion to realign severance by defendants rather than Counts. If that motion is granted, the fraud defendants can go to trial on March 2, 2026, and the two murder defendants, Leon Parker and Alfortish, can be tried together on all charges.

### I.

In December, 2024, Sean Alfortish was indicted on fraud and related obstruction charges. Dkt. 78. In April, 2025, he was charged with the murder of Cornelius Garrison. Dkt. 256. On July 25, 2025, this Court severed trial on the fraud-related charges (Counts 1-8) from trial on the murder-related charges (Counts 9-13). Trial on Counts 1-8 as to all defendants was set to begin on March 2, 2026. Dkt. 368. Trial on Counts 9-13 as to Alfortish and Leon Parker was set for August 10, 2025. Dkt. 379.

**II.**

Earlier this month, a seventeen count Third Superseding Indictment was returned. Counts 1, 2, 4, 6-10 correspond to Counts 1-8 of the prior indictment; Counts 11-15 correspond to Counts 9-13 of the prior indictment. Counts 3, 5, 16 and 17 have been added. The present indictment differs from the prior indictment in the following ways pertinent to Sean Alfortish:

1. The new indictment charges Alfortish with obstruction of justice and subornation of perjury in connection with the witness deposition of Cesar Lobo-Ramos that was held on September 19, 2025. Dkt. 357, Counts 16, 17.

2. In the Second Superseding Indictment, Count One alleged Alfortish's involvement in *five* specific staged accidents. Dkt. 256, pp. 13-15. The new Indictment adds *nine* more, for a total of *fourteen* specific accidents in which Alfortish is allegedly involved. Dkt. 357, pp. 13-16.

3. The new indictment adds a count of mail fraud against Mr. Alfortish that allegedly occurred on November 3, 2023. Dkt. 357, Count 5.

**III.**

There has been no motion, and thus no ruling, regarding which trial the new Counts will be adjudicated in. However, the Government has stated that it intends to introduce evidence of the new Counts 16-17 at both trials. As set forth below, Alfortish cannot investigate and prepare to respond to those charges by March 2, 2026.

**IV.**

The Third Superseding Indictment substantially broadens the enumerated facts in the fraud charges against Mr. Alfortish and it adds two entirely new charges solely against Alfortish. Discovery in this case has included well over 3,600,000 numbered items and review has

necessarily focused on the items most likely to be pertinent for trial. The exact times and dates of accidents that Mr. Alfortish was allegedly involved in are of significance to his defense strategy, and preparation has focused on the accidents listed in the indictment. The new indictment triples the number of enumerated accidents involving Mr. Alfortish from five to fourteen.

**V.**

More fundamentally, the new Counts 16 and 17—which the Government intends to introduce evidence of at both trials—radically affects Alfortish's defense of both the fraud and murder charges. Undersigned counsel first learned of these allegations when the government filed its Notice on January 2, 2026. Dkt.509. There is insufficient time to investigate, evaluate and prepare a defense to these charges by March 2, 2026.

**VI.**

Counts 16 and 17 allege obstruction and subornation of perjury involving Cesar Lobo-Ramos, who has been deported to Honduras. As an initial matter, I had to ascertain whether these charges necessitated my withdrawal as counsel of record. After conducting research, speaking with my client, and conferring with the prosecution I determined that my withdrawal is not necessary. Mr. Alfortish will plead not guilty to these charges. Now, I must ascertain the factual bases and legal implications of these new charges on Mr. Alfortish's entire defense.

**VII.**

These new charges make the defense of *all* the charges against Mr. Alfrotish more complex, procedurally and factually. To investigate these charges, *at a minimum*, Alfortish's defense must make every attempt to speak to Mr. Lobo Ramos and other potential witnesses. This may involve a request for Letters Rogatory to the Honduran authorities under 28 U.S.C. sec. 1781, or it may require a trip to Honduras. Speaking to other witnesses will require working

through their attorneys. The necessary investigation and preparation cannot be completed by March 2, 2026.

## VIII.

The new Counts 3, 5, 16 and 17 also implicate legal issues that must be researched, evaluated and adjudicated before trial. For example, the Court's severance Order was issued before these new Counts were added. Which trial(s) will the four new charges be tried in? The Government intends to introduce evidence regarding Counts 16 and 17 at the March 2, 2026 fraud trial. How can this be done without introduction of evidence of the murder? Is a realignment of the severance (by defendants rather than Counts) warranted? And, as stated previously, Alfortish cannot investigate and be prepared to defend against this evidence by March 2, 2026.

## IX.

Defendant Giles has filed a renewed motion for severance. Dkt. 539. Alfortish's defense believes that many of the issues Giles raises are legitimate, but we differ as to the appropriate solution.[1] This Court has already severed this case for trial. Alfortish will shortly file a motion to realign severance *by defendants*, rather than by Counts. We will request that (1) the murder defendants, Alfortish and Parker, be tried together on all charges, and (2) the non-murder defendants be tried together on the charges against them. This will require the Government to present some evidence twice, but it is the best way at this point to ensure constitutionally adequate trials for both the murder/fraud defendants as well as the fraud-only defendants.

---

1 Giles and the King Firm seek to be severed from Motta, Alfortish and Parker. However, it is now clear that Motta's Ms. Motta's defense will be to place blame for her predicament on Mr. Alfortish. While the prejudice to Alfortish from Motta's antagonistic defense may not yet be evident, it will become so very quickly if Motta and Alfortish are tried together.

**X.**

On January 20, 2026, the Government disclosed an Exhibit List consisting of 1844 exhibits that total *at least tens of thousands of pages*. Reviewing these exhibits, preparing *in limine* motions, and getting ready to address the exhibits at trial is a full-time task for counsel in the next month. Moreover, Jencks Act materials are due to be produced on February 9, 2026 and they will be voluminous. The reality of criminal discovery is that disclosure occurs shortly before trial, and thereafter, defense counsel must focus completely until trial just to review and analyze the exhibits and Jencks materials, prepare *in limine* and other motions, and prepare to examine the witnesses in light of the new information received.

**XI.**

I cannot conduct this review and analysis, investigate and prepare to defend the nine newly enumerated alleged accidents, evaluate, investigate and speak candidly with my client about the new Counts 16 and 17, litigate the inclusion of the new charges, and prepare to question witnesses at trial in the days left until March 2nd.

**XII.**

Some of the defendants are understandably eager to have their trial occur on March 2, 2026. However, those defendants sit in a vastly different posture—and face vastly different consequences—than Mr. Alfortish faces.

**XIII.**

Nevertheless, as stated previously, Alfortish intends to move to realign the severance by defendants rather than Counts. Giles and the King Firm have renewed their motions for severance.   If the case is severed by defendants, than the fraud defendants can proceed to trial on March 2, and the fraud/murder defendants Parker and Alfortish can later be tried on all charges.

5

**XIV.**

**WHEREFORE**, defendant Sean Alfortish respectfully requests that his March 2, 2026

trial date in this matter be continued. Alfortish will separately seek a realignment of severance by

defendants rather than Counts.

Respectfully submitted,

/s/ Shaun G. Clarke
Shaun G. Clarke (La. Bar No. 24054)
**MURPHY BALL STRATTON LLP**
650 Poydras Street, Suite 1400
New Orleans, Louisiana 70130
Cell: (713) 858-1657
sclarke@mbssmartlaw.com

**COUNSEL FOR DEFENDANT,
SEAN D. ALFORTISH**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing was served electronically on

January 26, 2026, upon all attorneys of record via the Court's CM/ECF system.

/s/ Shaun G. Clarke