**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 24-105** |
| v. | * | **SECTION: "D" (1)** |
| **SEAN D. ALFORTISH** | * | |

* * *

**DEFENDANT SEAN D. ALFORTISH'S TRIAL BRIEF REGARDING THE PROPER SCOPE OF GOVERNMENT REBUTTAL EVIDENCE**

Defendant Sean D. Alfortish respectfully moves the Court, before the Government begins any rebuttal case, to limit the Government to evidence that actually rebuts evidence introduced by the defense. Specifically, Alfortish requests that, before presenting each proposed rebuttal witness or exhibit, the Government identify the particular evidence introduced during the defense case that the proposed evidence is offered to "explain, repel, counteract, or disprove."

The Fifth Circuit recognizes that rebuttal is not an opportunity for the Government to reopen or supplement its case-in-chief, cure deficiencies in its original proof, or introduce new affirmative evidence merely because the defense has highlighted weaknesses in the Government's case. Although the Court retains substantial discretion over the order of proof, that discretion is bounded by the fundamental distinction between true rebuttal and a continuation of the prosecution's case-in-chief.

**I. Rebuttal is limited to evidence that actually responds to evidence introduced by the defense.**

The Fifth Circuit has long defined the proper purpose of rebuttal evidence as evidence offered "to explain, repel, counteract, or disprove the evidence of the adverse party." *United States v. Delk*, 586 F.2d 513, 516 (5th Cir. 1978). The rationale is straightforward: where the

defendant affirmatively introduces evidence establishing a proposition, the Government may "accept[] the challenge" and introduce evidence rebutting that proposition. *Id.*

The converse is equally important. In *United States v. Hall*, 653 F.2d 1002 (5th Cir. 1981), the Government attempted to introduce DEA testimony to answer the defense's emphasis upon the absence of physical evidence corroborating the Government's witnesses. The Fifth Circuit held that the testimony was not proper rebuttal. Because the defense had presented no affirmative evidence on the subject, "there was, consequently, nothing for the government to rebut." *Id.* at 1006–07.

Hall further rejected the Government's attempt to characterize the testimony as a "fair response" to defense argument. The Fifth Circuit explained that the fair-response doctrine permits appropriate argument in response to defense argument; it does not permit the Government to introduce additional evidence merely because defense counsel has argued that the Government's proof is deficient. If the Government believes defense argument is improper, its remedies include an objection or curative instruction—not enlargement of the evidentiary record. *Id.* at 1007.

The Fifth Circuit found the improper rebuttal in Hall sufficiently prejudicial to require reversal. The additional Government witness improperly suggested that the absence of corroborating evidence should not be considered a weakness in the prosecution's proof and effectively provided commentary bolstering the Government's case. *Id.* at 1007–08.

**II. The Government may not use rebuttal simply as a continuation of its case-in-chief.**

The Fifth Circuit has repeatedly emphasized that rebuttal "is not to be used as a continuation of the case-in-chief." *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 685 (5th Cir. 1991). The court recently reiterated that limitation while recognizing the district court's

discretion concerning the order of proof. *See United States v. Michalik*, 5 F.4th 583, 590–91 (5th Cir. 2021).

To be sure, the fact that evidence could have been introduced in the Government's case-in-chief does not automatically prohibit its use in rebuttal. *Michalik*, 5 F.4th at 590–91. But that principle applies where the defense has actually introduced *evidence* creating a proposition that the Government's evidence legitimately rebuts. Thus, in *Delk*, after the defendant presented witness after witness affirmatively establishing that stolen vehicles had not been concealed, the Government properly introduced evidence showing another method by which the vehicles had been concealed. 586 F.2d at 516–19.

That is materially different from allowing the prosecution simply to introduce evidence it omitted from its original presentation because the defense has pointed out the omission. Accordingly, the relevant inquiry is not merely whether the proposed Government evidence concerns a subject touched upon during the defense case. The question is whether it actually explains, repels, counteracts, or disproves *a factual proposition established through evidence introduced by the defense*.

**III. Cross-examination of Government witnesses and defense argument do not themselves create an unlimited rebuttal case.**

*Delk* contains a particularly important limitation. In determining what the Government was entitled to rebut, the Fifth Circuit expressly stated that it did not consider favorable evidence defense counsel had elicited during cross-examination of Government witnesses. 586 F.2d at 516. Rebuttal addresses evidence of the adverse party. *Id.*

*Hall* applied the same principle. There, defense counsel vigorously attacked the credibility of Government witnesses, emphasized the absence of corroboration, and cross-

examined Government witnesses concerning the investigation. That did not authorize the prosecution to introduce a new Government witness to repair the perceived weakness. 653 F.2d at 1006–08.

That limitation is important here. Throughout this trial, Alfortish has cross-examined Government witnesses concerning weaknesses in the Government's proof, failures of corroboration, the reliability of cooperating witnesses, the investigation, and the meaning—or absence of meaning—that can properly be attributed to particular records and circumstances. Those examinations did not convert the defense into the proponent of the Government witnesses' testimony and should not now permit the Government to introduce evidence that properly belonged in its case-in-chief.

Nor should argument by defense counsel concerning weaknesses in the Government's proof provide a basis for additional evidence. *Hall* expressly rejects that proposition.

**IV. "Opening the door" is limited to the proposition actually placed in issue.**

The defense recognizes that when it affirmatively introduces evidence establishing a factual proposition, the Government is entitled to genuine rebuttal evidence directed to that proposition. *Delk*, 586 F.2d at 516. But "opening the door" cannot mean that testimony concerning one discrete fact permits the Government to introduce every item of evidence it possesses concerning the same broad subject.

Otherwise, the limitation recognized in Hall would have no force. Almost any defense evidence could be characterized at a sufficiently high level of generality as relating to "the conspiracy," "Garrison," "Harris," "Alfortish's knowledge," or "the investigation." The proper inquiry must instead focus upon the specific proposition created by the defense evidence and whether the proposed rebuttal evidence genuinely tends to counteract that proposition.

Moreover, evidence admitted on rebuttal remains subject to all ordinary rules of admissibility, including Rules 403, 404, 602, 701–703, 801–807, and the Confrontation Clause where applicable. The label "rebuttal" does not independently render otherwise inadmissible evidence admissible.

**V. The Court should require the Government to identify what each proposed item of rebuttal evidence actually rebuts.**

To prevent the jury from hearing improper evidence before an objection can meaningfully be resolved, Alfortish respectfully requests a simple procedure.

Before calling a rebuttal witness or introducing a rebuttal exhibit, the Government should be required, outside the presence of the jury, to identify:

1. the specific testimony or exhibit introduced during the defense case that it contends opened the door;
2. the factual proposition established by that defense evidence; and
3. how the proposed Government evidence explains, repels, counteracts, or disproves that proposition.

If the Government cannot make that showing, the evidence is not true rebuttal and should be excluded.

This procedure would not improperly restrict legitimate rebuttal. It would simply enforce the distinction mandated by *Delk* and *Hall* while preventing the rebuttal phase from becoming an opportunity to supplement the Government's original case after observing the defense presentation.

## CONCLUSION

For these reasons, Sean D. Alfortish respectfully requests that the Court limit the Government's rebuttal case to evidence that genuinely explains, repels, counteracts, or disproves *evidence affirmatively introduced during the defense case*; prohibit the Government from using rebuttal as a continuation or supplementation of its case-in-chief; and require the Government, outside the jury's presence, to identify the specific defense evidence and factual proposition that each proposed rebuttal witness or exhibit is offered to rebut.

Respectfully submitted,

s/ Shaun G. Clarke
Shaun G. Clarke (Bar #24054)
MURPHY BALL STRATTON LLP
650 Poydras Street, Suite 1400
New Orleans, Louisiana 70130
Cell: (713) 858-1657
sclarke@mbssmartlaw.com

and

James R. Washington III (32792)
650 Poydras Street
Suite 2430
New Orleans, LA 70130
504.264.1826(o)
225.953.4407(c)
jwashington@attorneyjameswashington.com

**COUNSEL FOR DEFENDANT,**
**SEAN ALFORTISH**

**CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2026, I served the foregoing on Judge Vitter's chambers and all counsel of record by filing in the court's CM/ECF system.

/s/ Shaun G. Clarke
Shaun G. Clarke